### SPINK JAKWAY v. LUMAN JENISON ET AL.

*Mortgage—Evidence of record—Assignment—Defeat of foreclosure.*

The certificate of the registry of a mortgage, required by Comp. Laws § 4229, to be indorsed thereon, is evidence of its record.

Where the record of the assignment of a mortgage is duly witnessed and recorded, it cannot be assumed that it was not properly recorded.

*It seems* the foreclosure of a mortgage cannot be defeated by presumptions in favor of an issue made by a subsequent encumbrancer as to the assignment of the mortgage, if such encumbrancer had not relied upon the records or upon inquiry in taking an interest in the premises in suit.

Appeal from Kent. Submitted June 28. Decided Oct. 5.

BILL of foreclosure. Complainant appeals. Reversed; decree granted.

*Godwin & Earle* for complainant.

*John C. FitzGerald* for defendants. The record of an instrument is not *prima facie* evidence that it is annexed to another instrument that has not been recorded: *Bassett v. Hathaway* 9 Mich. 31; *Martindale v. Price* 14 Ind. 119; *Sanger v. Craigue* 10 Vt. 555; *Frost v. Beekman* 1 Johns. Ch. 298; *Jennings' Lessee v. Wood* 20 Ohio 266; *Sawyer v. Adams* 8 Vt. 172; 3 South. Law Rev. (N. S.) 540, nn 5 and 6; an instrument which does not directly or indirectly describe the land to be affected by it, cannot be recorded:

*Pringle v. Dunn* 37 Wis. 449; an assignment of a mortgage is invalid as against a subsequent purchaser without notice, or the grantee of a subsequent mortgage, unless it is of record : *Bank v. Anderson* 14 Iowa 555; *McClure v. Burris* 16 Iowa 591; *Cornog v. Fuller* 30 Iowa 212; *Jones v. Smith* 22 Mich. 367; *Bacon v. Van Schoonhoven* 19 Hun 161; the assignee of a mortgage is entitled to the protection of the recording acts and, if he buys in good faith and for a valuable consideration, is not chargeable with any notice his assignor had, of prior encumbrances on the property: *Bloomer v. Henderson* 8 Mich. 402; *Trustees of Union College v. Wheeler* 59 Barb. 617; *Moore v. Metropolitan Nat. Bank* 55 N. Y. 41; *Belden v. Meeker* 2 Lans. 470; *Murray v. Lylburn* 2 Johns. Ch. 441.

CAMPBELL, J. The bill was filed in this cause to foreclose a mortgage made on the first day of February, 1859, by Egbert Dewey and Joseph Blake, and wives, to Ransom E. Wood, for $4000, and interest, payable in four instalments on the first day of February in each of the years 1861, 1862, 1863, 1864. Wood assigned October 10, 1859, to Harmon Noble and Belden Noble, and on the 23d of September, 1867, their survivor assigned to complainant. The Noble assignment was recorded on the day of its date, and again in December, 1876, the original record having been destroyed by fire. The assignment to complainant was also recorded in December, 1876.

Some question was made on the argument whether there was any proof of the earlier record, but the original mortgage with the assignment indorsed thereon was produced, having the certificate of registry required by § 4229 of the Compiled Laws, which is evidence of such record.

The defence is made by several subsequent purchasers and incumbrancers, claiming that the mortgage was paid before they obtained their interests. This defence is rested on various facts and reasons, some of general and some of special application. As the foreclosure was begun within a little over thirteen years after the maturity of the last instalment there

is no room for the claim that the security was cut off by delay.

The payment in fact is put chiefly on the ground that one Horace O. Weston, a brother-in-law of complainant, purchased half of the premises in controversy in 1863, of Joseph Blake, and the other half of Dewey, in December, 1867, and that the purchase of the mortgage was in fact for Weston, and cancelled by his ownership of the title.

Upon this, we think the testimony shows very clearly, that the purchase was by complainant on his own account, and for his own benefit, and that Weston never had any interest in it. Neither do we think there is any foundation for the claim that complainant was a party to any scheme of deception, or that he recognized Weston as having any rights in the mortgage. And we do not think the preponderance of testimony indicates any fraud in Weston.

It is claimed that in 1876, Weston conveyed one of the most valuable parcels of nearly forty acres to Loren Day and Lafayette E. Taylor, and that he induced them to believe the mortgage was paid, and showed them the assignment with the securities, representing it to have been taken to complainant merely for convenience, and promising to get a discharge from the original mortgagee, Mr. Wood, also showing a letter from complainant in which he stated he held no such mortgage.

These statements are not consistent with each other, or with facts which cannot be said to be open to controversy. The sale, or conveyance, to Day and Taylor was made in April, 1876. Upon what took place at the purchase the witnesses are at variance, but Taylor in his testimony states in substance that no examination of title was made until after the purchase, and then he discovered the Wood mortgage, and that Weston promised to get a release of it as it had been paid. He also says Day had found out it had been assigned to Jakway, and Weston said he would write and get it released, and witness supposed he did. All this Weston denies. It appears that during that year Weston and his wife had sought, not as a right but as a favor, to get

that parcel released, but complainant refused; and Weston distinctly informed him these parties bought subject to the mortgage. In September Taylor wrote him referring to the mortgage as in force, suggesting the propriety of having the assignment recorded, and representing the value of the mortgage as a first mortgage on the remaining property as a consideration why he should release this. This letter shows that none of the papers were then in Weston's hands, and that Taylor had not seen them, but knew what they were. Comparing all the testimony, which is somewhat mixed up, we have no doubt that Day and Taylor did not buy in any supposition that this mortgage had been paid, or that it belonged to Weston.

There is also some testimony from a detective who swears to admissions of payment made after this controversy had arisen. As the mortgage appears very clearly not to have been paid, and to have been treated as in force in the private dealings of Weston and complainant, we place no reliance on this testimony.

The only other person who claims to have taken title or security, relying on the non-existence of this mortgage, is Mrs. Noble, who took assignments of two subsequent mortgages given by Weston to Mr. Wood, covering a large amount of land in addition to these mortgaged premises,— the two mortgages being for $10,000 and $15,000, respectively. These mortgages were given to Mr. Wood, one in December, 1872, and one in January, 1873. He assigned them to Mrs. Noble in December, 1873. She was wife of one of the assignees of the former mortgage. Her testimony is, that she relied entirely on statements of Mr. Wood made to her at her home in the State of New York, that these were the only encumbrances. She did not rely on the records, and knew nothing of them. In her answer she says Wood told her this mortgage was paid, but in her testimony she denies having heard of its existence until long after.

Wood's testimony was not taken. But in his letters which were introduced, referring to the proposed assign-

ments to Mrs. Noble, there are no such representations, and Mrs. Noble probably inferred more than was stated. There is every reason to regard her securities as adequate, without reference to this mortgage. Mr. Wood had been her business agent and had transacted loans for her, and it is not improbable that in the lapse of time, and from the fact that she had no discussion or doubts about the investment, she may now have wrong impressions. But it is not important, because Mr. Wood could not bind complainant by his representations, if he made any.

Upon the whole case we think complainant is entitled to enforce his mortgage. The assignment from Wood to H. & B. Noble was witnessed by the register and recorded at its date, and we have no right to assume it was not properly recorded. Mrs. Noble is the only defendant who makes any issue on the record of this assignment, and, as already suggested, she did not depend on the records or make any inquiry on the subject.

The record does not contain the means of determining in what order the lands should be sold, and a reference will be needed to ascertain this. Interest seems to have been paid to August, 1867, and a further amount of flour reckoned at $250 will bring it down to March 15, 1868, from which time interest is to be cast without compounding, at ten per cent. per annum.

The decree must be reversed with costs and a decree entered declaring complainant entitled to enforce the mortgage for $4000 with interest from March 15, 1868, at ten per cent. per annum, and referring it to a commissioner to report in what order sales shall be made. All the defendants who have appeared, to produce evidence of their claims before the commissioner; and on the coming in of his report, the usual decree of foreclosure to be granted.

The other Justices concurred.