The National Benefit Association of Indianapolis v. Bowman.

*J. H. Louden* and *W. P. Rogers*, for appellant.

*A. Noblett,* Prosecuting Attorney, and *R. A. Fulk,* for the State.

Filed April 9, 1887.

---

No. 12,060.

## THE NATIONAL BENEFIT ASSOCIATION OF INDIANAPOLIS v. BOWMAN.

BENEFIT ASSOCIATION. — *Certificate of Membership.* — *Accidental Injury.*— *Indemnity.*— *Voluntary Exposure to Danger.* — *Criminal Act.* — *Conditions Precedent.*—*Pleading.*—A complaint upon a certificate of membership in a benefit association, to recover the indemnity agreed to be paid in the event of an accidental injury, is sufficient if it sets out the circum-stances under which the injury was sustained, and alleges that the plaintiff had performed all the conditions of the certificate on his part, without specifically averring that the claim is not within conditions denying indemnity for injuries happening to a member in consequence of a voluntary exposure to unnecessary danger, or while engaged in, or in consequence of, any criminal act.

SAME.—*Injury While in State of Intoxication in Public Place.*—In such a case, an answer setting up the condition prohibiting a claim for indem-nity on account of an injury sustained by a member while engaged in, or in consequence of, any criminal act, and alleging that at the time of

the accident through which the plaintiff was injured, he was in a public highway, in a public place, in a state of intoxication, contrary to the criminal statutes, does not show any causative connection between the act which constituted the violation of law and the injury, and is, therefore, bad.

From the Marion Superior Court.

*S. M. Shepard* and *C. Martindale,* for appellant.

*C. S. Denny, W. F. Elliott* and *O. B. Orton,* for appellee.

MITCHELL, J.—On the 3d day of September, 1881, William Bowman became a member of the National Benefit Association of Indianapolis. His certificate of membership contained a stipulation to the effect, that if during the continuance of membership, he should sustain bodily injuries, effected through external, violent, and accidental means, which should, independently of all other causes, immediately and wholly disable him from the prosecution of any and every kind of business, then, upon satisfactory proof of such injuries, the association agreed to indemnify him against any loss, by paying him twenty-five dollars per week, for such period of continuous total disability as should immediately follow, not exceeding fifty-two consecutive weeks.

In a complaint to recover upon this certificate, the plaintiff alleged, that on the 10th day of December, 1881, while pursuing his usual occupation as dairyman, he sustained bodily injuries through external, violent, and accidental means, by being accidentally thrown from his wagon, thereby suffering the dislocation of his shoulder, and the breaking of the bone of his left arm, etc. He alleges that he was totally disabled therefrom for fifty-two consecutive weeks. The complaint avers, among other things, that notice of the injury had been given according to the requirements of the certificate, and " that the plaintiff had performed all the conditions and terms of said certificate of membership on his part."

A copy of the certificate was made an exhibit to, and filed with, the complaint. Among other conditions, it contained the following: " No claim shall be made under this certifi-

cate, when the death or injury may have happened in consequence of any voluntary exposure to unnecessary danger, * * * or while engaged in, or in consequence of, any criminal act."

The appellant contends that the complaint does not state facts sufficient, because it does not aver that the injury complained of was not the result of voluntary exposure to unnecessary danger, nor that it was not sustained while engaged in, or in consequence of, any criminal act.

We concur in the view urged by counsel, that the certificate, upon which the suit is founded, is a contract, and that it is essential to a recovery thereon, that the plaintiff must have averred and proved that the injury complained of was sustained within its limits and conditions.

According to the terms of the certificate, it was a condition that the plaintiff should make no claim for indemnity for an injury which might happen to him in consequence of voluntary exposure to unnecessary danger, or while engaged in, or in consequence of, any criminal act. To have made proof of, and preferred, a claim for indemnity for an injury sustained within the prohibition of the certificate, would have been a plain violation of its terms.

When, therefore, the plaintiff set forth the circumstances under which he sustained the injury, and that he had presented proof of such injury according to the requirements of the certificate, and that he had "performed all the conditions and terms of such certificate of membership on his part," he thereby effectually negatived the idea that he had violated any of the conditions precedent contained in the certificate, or that the injury had occurred outside the limits of the risk.

Section 370, R. S. 1881, provides that "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally, that the party performed all the conditions on his part." The complaint fulfilled all the requirements of good pleading under the code. *National Benefit Ass'n* v. *Grauman*, 107 Ind. 288; *Bertelson* v. *Bower,*

'81 Ind. 512; *Home Ins. Co.*, etc., v. *Duke*, 43 Ind. 418; *Lowry* v. *Megee*, 52 Ind. 107.

The fourth paragraph of the defendant's answer, to which a demurrer was sustained, set up the last clause of the condition in the certificate, above set out, and averred that previous to, and at the time of the accident, through which the plaintiff was injured, he was in a public highway, in a public place, in a state of intoxication, and that, by the statutes of the State of Indiana, it is made a criminal act to be found in a public place in a state of intoxication. The conclusion is drawn by the pleader upon the foregoing statement, that the injury to the plaintiff happened while he was engaged in, and in consequence of, a criminal act.

The conclusion does not logically nor necessarily follow from the facts stated. The occasion may have been such, at the time of the accident, that the plaintiff would have been thrown from his wagon whether intoxicated or not. It is not shown how the fact of intoxication contributed to the accident or injury.

There must have been, as was said by this court in *Bloom* v. *Franklin Life Ins. Co.*, 97 Ind. 478, 484 (49 Am. R. 469), "some causative connection between the act which constituted the violation of law" and the injury of the plaintiff. The answer was clearly insufficient.

The judgment is affirmed, with costs.

