CONBOY v. THE RAILWAY OFFICIALS AND EMPLOYES'
ACCIDENT ASSOCIATION.

[No. 1,720.   Filed February 17, 1897.]

ACCIDENT INSURANCE.—*Death While Engaged in an Unlawful Act.—
Answer.*—In an action on an accident insurance policy exempting
the company from liability for death of insured while engaged in
any unlawful act, an answer attempting to set up as a defense a
violation, by the insured, of a statute forbidding seining in streams
where the water is above tidewater, which answer fails to allege
that the seining was at a point in the stream where the water was
above tidewater, is insufficient on demurrer.   *p. 66.*

SAME.—*Death During Violation of Law.*—That death ensues during
the violation of a statute does not absolve an accident insurance
company from liability under a provision of the policy exempting
the company from liability if death results from an unlawful act,
unless it appears that the act was one which increased the risk, and
one between which and the death there was a causative connection.
*p. 66.*

SAME.—*Voluntary Exposure to Danger.—Answer.*—In an action on
an accident insurance policy exempting the company from liability
for death of insured, resulting from a "voluntary exposure to un-
necessary danger or perilous venture," an answer alleging that de-
ceased at the time of his death was seining in the swift current of
a river in which there were sudden step-offs or holes, and that he
could not swim, and that he stepped into one of such holes and was
caught up by a swirl or eddy and was drowned, but which answer
fails to allege that the deceased knew of the dangers and volunta-
rily exposed himself thereto, is not sufficient on demurrer.   *pp. 68,
69.*

From the Marion Superior Court.   *Reversed.*

*W. A. Pickens* and *L. A. Cox*, for appellant.

*Finch & Finch*, for appellee.

BLACK, J.—The appellant by her complaint sought
to recover upon the appellee's policy whereby it was

agreed to pay the appellant as beneficiary $1,000.00 in the event of the death of Cornelius Horan resulting from physical bodily injury, inflicted by external, violent and accidental means during the period of one year from October 6, 1891.

In the complaint it was alleged that said Cornelius Horan was drowned on the 3d of June, 1892, "by accidentally slipping and falling into a deep hole in —— —— river, in the county of ————, State of Texas, from which place and deep water said Cornelius Horan was unable to swim or in any manner proceed, or to keep his head above water, though he diligently tried so to do," etc.

The appellee answered in three paragraphs. The first was a general denial.

The policy referred to and made part of the contract contained certain conditions printed on the back thereof, among which were provisions that the insurance should not cover "death or injury resulting from accident attributable partially or wholly, directly or indirectly, by or in consequence of * * * voluntary exposure to unnecessary danger or perilous venture, * * * or injuries or death while being engaged in any unlawful or vicious act."

The second paragraph of answer set up said provision of the contract relating to "injuries or death while being engaged in any unlawful or vicious act," and alleged that said Cornelius Horan at the time of his death was engaged in an unlawful and vicious act, in this; that it is provided in the statute laws of the state of Texas, wherein said Horan came to his death, as follows: Willson's Tex. Cr. St., article 510: "No person shall throw, drag, or haul any fish net, seine, or other contrivance for the purpose of catching fish (except the ordinary pole, line, and hook, or trot line) in any stream, lake, or pool of water within the state,

not his own, above tidewater, between the first day of February and the first day of July of each year; and at no time of the year in such waters shall any one be permitted to drag or haul any fish net or seine with meshes less than two and a half inches square; and any one violating the provisions of this article shall, upon conviction, be fined in a sum of not less than five nor more than fifty dollars." It was alleged that this statute was in full force and effect on and before the death of said Cornelius Horan; that at the time of his death, on the 3d of June, 1892, he "was engaged in throwing, dragging or hauling a fish net or seine in the ———— river, in the county of ————, state of Texas, at a place not owned by him or any of his companions."

The third paragraph set up said provision relating to death or injury resulting from or attributable partially or wholly, directly or indirectly, by or in consequence of voluntary exposure to unnecessary danger or perilous venture; and it was alleged that the death of said Cornelius Horan was the result, or was attributable partly or wholly, directly or indirectly to and in consequence of his engaging in a perilous venture and to voluntary exposure to unnecessary danger in this; that on the 3d of June, 1892, he, together with a number of others, was engaged in throwing, dragging or hauling a fish net or seine in the ———— river, in ———— county, state of Texas; that said river was very swift and full of sudden step-offs or holes, and of swirls and eddies; that at said time said Horan had on his clothes and boots or shoes; that while so engaged in throwing, dragging or hauling said seine in said river, he suddenly came to one of these step-offs, or holes, and to a swirl or eddy, and stepping into said hole, swirl or eddy, where the water

was very deep, and being unable to swim or keep his head above the water, was drowned.

The appellant's demurrer to each of these affirmative paragraphs of answer was overruled, and the appellant was ruled to reply. Afterward the appellee withdrew its answer of general denial. The appellant refused to plead further, the cause was submitted to the court for finding and judgment upon the pleadings, and the court found for the appellee and rendered judgment accordingly.

We are required to consider the action of the court in overruling the demurrer to the second and third paragraphs of answer.

These provisions printed upon the back of the policy were not conditions precedent. They were exceptions to the contracted insurance. They provided that the particular cases of injury or death specified should not be covered by the insurance contracted for on the face of the policy.

The existence of facts bringing the death of the insured within such an exception would constitute matter of defense, and the burden of pleading and proving such facts was upon the insurer.

It was proper to set forth in each of the answers the particular provision of the contract upon which the pleader intended to base the defense, and it was not improper to make an averment in the language of the contract, bringing the death within the exception so pleaded; but in the second paragraph it was necessary to show an unlawful act by the averment of facts constituting a violation of law or a vicious act; and this general averment, in the language of the exception pleaded, was controlled by the particular facts which were alleged to show the death to have been within such exception.

Vol. 17—5

By the averments of facts in the second paragraph the appellee sought to show that the insured at the time of his death was violating a particular criminal statute; but there was a manifest failure to show a violation of the statute. It was not alleged that the water in which he was seining was above tidewater. This was an omission of an essential element of the offense defined by the statute. The words "above tidewater," in the statute constituted a part of the description of the offense. This defect in the pleading was not, as suggested by counsel, one which was waived by failure to move to make the pleading more specific, but was one which rendered the pleading insufficient on demurrer. The act of the insured, described, was not vicious in its nature, and it was not unlawful, unless shown to be a violation of a statute. It was not shown that it was not a lawful act.

It may be said further concerning such a defense as that which it was thus unsuccessfully attempted to plead in the second paragraph, that if the facts pleaded show the death of the insured while engaged in an unlawful or vicious act, it must also appear that the act was one which increased the risk, and one between which and the death there was a causative connection.

In *Bloom* v. *Franklin, etc., Ins. Co.,* 97 Ind. 478, where the provision of the policy under consideration was, if the assured should die "in the known violation of the laws of the State or of the United States," it was said: "A known violation of a positive law, whether the law is a civil or a criminal one, avoids the policy, if the natural and reasonable consequences of the violation are to increase the risk; a violation of law, whether the law is a civil or criminal one, does not avoid the policy, if the natural and reasonable consequences of the act do not increase the risk. Whether

the violation of law was the proximate cause of death, and whether it was an act increasing the risk, must in general be determined from the facts of the particular case. There must in all cases, whether the law violated be a criminal or a civil one, be some causative connection between the act which constituted the violation of law and the death of the assured." See, also, *National Benefit Assn.* v. *Bowman*, 110 Ind. 355; *Insurance Co.* v. *Bennett*, 90 Tenn. 256, 16 S.W. 723; *Bradley* v. *Mutual Benefit etc., Ins. Co.*, 45 N.Y. 422; *Jones* v. *U. S. Mutual Acc. Assn.*, 92 Ia. 652, 61 N.W. 485.

Such exceptions are prepared and inserted in the contract by the insurer for the purpose of narrowing the obligations under the policy, and they are to be construed most strongly against the insurer and in favor of the insured. *Milwaukee, etc., Ins. Co.* v. *Niewedde*, 12 Ind. App. 145.

It cannot be supposed that the insured in accepting the policy containing this exception contemplated, as embraced therein, injury or death while he should be engaged in an act which would not increase the risk, and between which and the injury or death there would be no causative connection; but it must be presumed that he contemplated only acts by which the risk would be increased and to the doing of which the injury or death could be attributed as a reasonable consequence. Many deaths from accidental causes of insured persons while engaged in unlawful acts may be supposed, where there would be no reasonable ground for concluding that the insured, in accepting a policy containing such an exception, contemplated the loss of the indemnity contracted for, if his death should be so caused. If such an insured person should be killed by a tile blown from a house top while he was unlawfully traveling on Sunday, or if he should

be accidentally shot while violating a law against profanity, or while unlawfully engaged in seining, it could not be claimed reasonably that such a death was within the exception. *Bloom* v. *Franklin, etc., Ins. Co., supra.*

But the parties make their contract, and such an exception should not be refined away by the court to the extent of making a different contract for the parties. A reasonable conclusion as to the intention of the parties should be sought. *Continental Ins. Co.* v. *Vanlue,* 126 Ind. 410.

To relieve the insurer from liability it is not necessary that it be shown that the insured expected death in the manner in which it occurred, or that he knew of the particular danger which was the cause of his death.

In *Bloom* v. *Franklin, etc., Ins. Co., supra,* it is said: "While the unlawful act of the assured must tend in the natural line of causation to his death, in order to work a forfeiture, it is not necessary that the act should be the direct cause, nor that the precise consequences which actually followed could have been foreseen. It is enough if the act is unlawful in itself, and the consequences flowing from it are such as might have been reasonably expected to happen, for, in such a case the ultimate result is traced back to the original proximate cause."

In the second paragraph of answer under consideration, if it had been alleged that the drowning was at a place above tidewater, and it had thus been shown that the insured was engaged in an unlawful act, it would not have been necessary to show also that the insured knew of the particular peril which caused his death. Drowning while being engaged in seining in water in which such an act can be performed seems to be, *prima facie,* a result which would not have hap-

pened but for being so engaged, and to be an incident of the act in which he was engaged and a consequence thereof without reference to the question whether the seining was or was not an unlawful act.

We should seek by the same rule of construction to ascertain the intention of the parties in the exception upon which the third paragraph of answer is based. We must resolve any doubt against the insurer.

Do the facts stated in that paragraph show the death of the insured "resulting from or attributable partially or wholly, directly or indirectly, by or in consequence of voluntary exposure to unnecessary danger or perilous venture?"

Giving the words definitions, and the language a meaning most unfavorable to the insurer and most favorable to the insured, the exception may be construed as contemplating knowledge on the part of the insured of the existence of the danger or peril and an encountering of it by him willingly.

We think that the facts alleged do not show that the death of the insured was within the exception. They indicate an accidental death from a suddenly encountered danger. It is not shown that the insured consciously and intentionally exposed himself to danger, or that he presumed or dared to run a risk of peril. It does not follow because an act was voluntary that the exposure was voluntary.

If the pleading shows negligence on the part of the insured, it will hardly be contended that it was the purpose to except injury or death through an inadvertent act or omission of the insured. See *Schneider* v. *Provident, etc., Ins. Co.*, 24 Wis. 28; *Manufacturers' Acc. Indemnity Co.* v. *Dorgan*, 58 Fed. 945; *Burkhard* v. *Travelers' Ins. Co.*, 102 Pa. St. 262; *Providence, etc., Co.* v. *Martin*, 32 Md. 310; *DeLoy* v. *Trav-*

elers' Ins. Co., 171 Pa. St. 1, 32 Atl. 1108; Miller v. Insurance Co., 92 Tenn: 167, 21 S. W. 39; Collins v. Bankers' Acc. Ins. Co. (Ia. Sup.), 64 N.W. 778; Jones v. U. S. Mutual Acc. Assn., supra.

We are of the opinion that both of the affirmative answers were insufficient on demurrer.

The judgment is reversed, and the cause is remanded with instructions to sustain the demurrer to the second and third paragraphs of answer.