## FEDERAL SAVINGS AND INSURANCE COMPANY *v.* RAGER, ADMINISTRATOR.

[No. 10,635.   Filed November 13, 1920.   Rehearing denied February 18, 1921.   Transfer denied April 5, 1921.]

1. INSURANCE. — *Accident Insurance.* — *Policy Conditions.* — *Breach.*—*"Voluntary Exposure to Unnecessary Danger".*— Under an accident insurance policy limiting insurer's liability for injuries resulting from voluntary exposure to unnecessary danger or obvious risk of injury, insured is not chargeable with "voluntary exposure to unnecessary danger" unless he does some act which reasonable and ordinary prudence would pronounce dangerous, mere negligence, thoughtlessness or inattention not being an exposure to danger within the terms of the policy.   p. 296.

2. PLEADING.—*Answer.*—*Amendment.*—*Refusal.*—*Introduction of Immaterial Matters.*—It was not error for the trial court to refuse to allow defendant to amend its answer, where the proposed amendment would have merely permitted an element to be introduced in the case which could have been of no controlling influence.   p. 299.

From Wayne Circuit Court; *William K. Bond,* Judge *Pro Tem.*

Action by Frank X. Rager, administrator of the estate of Frank H. Puthoff, deceased, against the Federal Savings and Insurance Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*James M. Berryhill, Gardner, Jessup, Holscher & White,* for appellant.

*Byram C. Robbins, Will W. Reller* and *Philip H. Robbins,* for appellee.

ENLOE, J.—This was an action by the administrator of Frank H. Puthoff, deceased, upon a policy of insurance issued by appellant to said Frank H. Puthoff, providing indemnity against loss of life by accident.

To a complaint in one paragraph, the appellant filed answer in two paragraphs, the first being a general denial, and the second admitting partial liability, and rely-

ing upon a clause in said policy which was as follows, to wit: "If the injuries, whether fatal or nonfatal * * * are caused wholly or in part from voluntary exposure to unnecessary danger or obvious risk of injury, * * * then, in all cases referred to in this paragraph, the liability of the company shall be only one-fifth of the amount which would otherwise be payable." This paragraph also alleged that the deceased did voluntarily and unnecessarily expose himself to the danger of being struck and injured by a car then approaching the highway crossing, which deceased was about to cross on the line of an electric interurban railway, and that as a result of such exposure the deceased was struck and killed. This paragraph also alleged the tender of one-fifth of the principal sum named in said policy to appellee, his refusal to accept the same, and the payment of the same into court.

A reply in denial to this paragraph of answer closed the issues, which were submitted to a jury for trial, resulting in a verdict for plaintiff for the full amount named in said policy.

The only error presented relates to the action of the court in overruling appellant's motion for a new trial.

The questions presented for our consideration raised under said motion, relate to the sufficiency of the evidence to sustain said verdict, error in giving

1. certain instructions, and error in refusing to allow appellant to amend its answer during the trial. It is insisted that under the undisputed facts of this case the said deceased voluntarily and unnecessarily exposed himself to unnecessary danger, or obvious risk of injury, which caused his death, and that he was therefore, at the time he received such injury, acting within the terms of said condition in said policy, limiting the benefits thereof to one-fifth of the face of the policy.

The record discloses that the deceased while traveling in an automobile was struck at a highway crossing by an electric interurban car and killed.

In the case of *Travelers' Ins. Co.* v. *Randolph* (1897), 78 Fed. 754, 24 C. C. A. 305, which was an action upon a policy of insurance, the court said: "What do the words 'voluntary exposure to unnecessary danger' in the contracts in suit import?  *  *  * The words 'voluntary exposure to unnecessary danger,' literally interpreted, would embrace every exposure of the assured not actually required by the circumstances of his situation, or enforced by the superior will of others, as well as every danger attending such exposure that might have been avoided by the exercise of care and diligence upon his part.   But the same words may be fairly interpreted as referring only to dangers of a real, substantial character, which the insured recognized, but to which he nevertheless purposely and consciously exposed himself, intending at the time to assume all the risks of the situation.   The latter interpretation is most favorable to the assured, does no violence to the words used, is consistent with the object of accident insurance contracts, and is therefore the interpretation which the court should adopt.   One of the accepted meanings of the word 'voluntary' is 'done by design or intention; purposed; intended.' "

In the case then under consideration by the court, one Mitchell had fallen from a moving train and thereby received injuries which caused his death.   The evidence showed that he had gone to the platform of the sleeping car in which he had been riding as a passenger, and had been standing on the steps while the train was running. The company defended on the ground that the deceased had voluntarily exposed himself to unnecessary danger, and that therefore there was no liability within the terms of his policy.   The District Judge had charged

the jury that—"Mere negligence or inattention is not an exposure to danger within the meaning of the policy, —mere thoughtlessness,—but it requires a degree of appreciation of danger at the time to make it voluntarily assumed, and a voluntary exposure. * * * If you find that standing on the platform, under all circumstances of this case, taking into account his position on the train, the speed of the train, the track, and everything else that makes up the situation where the accident occurred, if you find that that was dangerous, and that, being conscious of that danger, he took a position that exposed him to it, and death resulted, your verdict should be for the defendants, otherwise for the plaintiff, as to that issue."

This instruction was approved by the Circuit Court of Appeals, Sixth circuit, as being expressive of the law, the court saying: "There are, it must be admitted, authorities that look the other way. But we are of the opinion that the better reason is with the cases holding that the words 'voluntary exposure to unnecessary danger,' in accident policies such as this one here in suit, import a consciousness of the danger, and an intention to risk the consequences of exposing one's self to it."

In the case of *Union Casualty, etc., Co.* v. *Harroll* (1897), 98 Tenn. 591, 596, 40 S. W. 1082, 60 Am. St. 873, the court, in discussing the effect of the clause now under consideration contained in an insurance policy, said: "A voluntary act is an intentional one—one which the actor of his own will, with the power of choice, determines to do or perform. So this condition is to be read as the equivalent of one exempting the insurer from liability where death results from an intentional exposure of one's self to unnecessary danger. Both terms imply some degree of knowledge or apprehension of the danger incurred and a purpose to take the risk."

In the case of *Burkhard* v. *Travelers' Ins. Co.* (1883),

102 Pa. 262, 48 Am. Rep. 205, the defense was, that the insured had "voluntarily exposed himself to unnecessary danger," an exception in the policy. The court in passing on the clause in question said: "To make him guilty of a 'voluntary exposure to danger' he must intentionally have done some act which reasonable and ordinary prudence would pronounce dangerous. * * * Hidden danger may exist; yet the exposure thereto without any knowledge of the danger does not constitute a *voluntary* exposure to it. The approach to an unknown and unexpected danger does not make the act a voluntary exposure thereto."

In the case of *Conboy* v. *Railway, etc., Assn.* (1897), 17 Ind. App. 62, 46 N. E. 363, 60 Am. St. 154, the clause relied upon was, "voluntary exposure to unnecessary danger," and the court said: "Giving the words definitions, and the language a meaning most unfavorable to the insurer and most favorable to insured, the exception may be construed as contemplating knowledge on the part of the insured of the existence of the danger or peril and an encountering of it by him willingly." See also *Commercial Travelers, etc., Assn.* v. *Springsteen* (1900), 23 Ind. App. 657, 55 N. E. 973.

Each of the instructions given, of which complaint is made, are in harmony with the law as thus declared, and the court did not err in giving the same.

Neither did the court err in refusing to allow the appellant to amend its said answer. The proposed amendment would, if it had been allowed, simply have 2. introduced into the case an element which could have no controlling influence, it was immaterial to the matter in suit.

The question as to whether the deceased knew of the presence or approach of said car by which he was struck and killed, and knowing such fact voluntarily exposed himself to the danger of being struck by said car if he

attempted to make the crossing ahead of said car, was by the trial court rightfully submitted to the jury, and they by their verdict have found that he did not know of such danger and did not voluntarily expose himself thereto. The verdict is sustained by the evidence. We find no error in this record, and the judgment is therefore affirmed.

Remy, C. J., not participating.