## CONTINENTAL CASUALTY COMPANY *v.* WHITMORE.

[No. 11,365. Filed December 19, 1922.]

1. INSURANCE.—*Accident.*—*Policy Provisions.*—*Breach.*—*Voluntary Exposure to Unnecessary Danger.*—*Instructions.*—In an action on an accident insurance policy providing that the policy was not to cover "any loss caused by or resulting in whole or in part from * * * injury sustained by reason of voluntary exposure to unnecessary danger," etc., an instruction requested by defendant tending to lead the jury to believe that the fact that insured met his death while riding upon a freight car, without lawful authority from any agent of the company operating the railroad, might be taken as a controlling factor in determining defendant's liability, *held* properly refused. p. 159.

2. INSURANCE.—*Accident.*—*Policy Provisions.*—*Breach.*—*Voluntary Exposure to Unnecessary Danger.*—*Instructions.*—In an action on an accident insurance policy exempting insurer from liability for injury from insured's "voluntary exposure to unnecessary danger," a requested instruction precluding recovery if the jury found" that the act of decedent in voluntarily riding on the top of a moving freight train would be considered by ordinarily prudent persons, as a dangerous thing," and that the decedent "knew, or by the exercise of due care, could have known, that such act was dangerous," regardless of the care used by decedent to avoid such danger, and any other attendant circumstances, was erroneous and properly refused. p. 159.

3. INSURANCE.—*Accident.*—*Policy Provisions.*—*Breach.*—*Voluntary Exposure to Unnecessary Danger.*—*Instructions.*—In an action on an accident insurance policy exempting insurer from liability for injury from insured's "voluntary exposure to unnecessary danger," an instruction as to the act of insured in voluntarily riding on top of a moving freight train as voluntary exposure to unnecessary danger, was erroneous, where it in effect informed the jury that, if the facts stated were found to exist, plaintiff could not recover, although the particular danger which the undisputed evidence showed caused the accident, which was a separation in the train, was not among those which ordinarily rendered riding on top of such a train dangerous, and not one of which insured had knowledge, and might reasonably have been anticipated. p. 159.

4. INSURANCE.—*Policy.*—*Construction.*—Insurance contracts are liberally construed in favor of the insured, and, when fairly susceptible of different constructions, they will be given the construction most favorable to the insured. p. 160.

5.  INSURANCE.—*Accident.*—*Policy Provisions.*—*Breach.*—*"Voluntary Exposure to Unnecessary Danger."*—Under an accident insurance policy exempting insurer from liability for injury from insured's "voluntary exposure to unnecessary danger," it is immaterial, as regards the operation of such provision, whether an injury occurs while the insured is in the pursuit of business or some other purpose considered necessary, or is sustained in the pursuit of pleasure. p. 160.

6.  TRIAL. — *Incomplete Instructions.* — *Duty to Request More Complete Instructions.*—Where a party desires an instruction more fully presenting an issue than the instructions thereon given, it is his duty to tender a more complete instruction, with a request that it be given. p. 162.

7.  INSURANCE.—*Accident.*—*Policy Provisions.*—*Breach.*—*Voluntary Exposure to Unnecessary Danger.*—*Jury Questions.*—In an action on an accident insurance policy exempting insurer from liability for injury from insured's "voluntary exposure to unnecessary danger," the question whether plaintiff's right to recover was precluded by the fact that insured was riding on top of a freight train when killed *held* for the jury under the evidence. p. 162.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Clara Rhodes Whitmore against the Continental Casualty Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bomberger, Peters & Morthland,* for appellant.

*Fred Barnett,* for appellee.

BATMAN, J.—In this action appellee recovered a judgment against appellant on a policy of insurance, issued by the latter to Roy Rhodes, and in which the former was named as the beneficiary, in the event the insured lost his life by accident or sickness, within the conditions of the policy, while the same was in force. The complaint is in a single paragraph, and discloses that the policy contains, among others, the following provision: "This policy does not cover any loss caused by or resulting in whole or in part from * * * injury sustained by the insured by reason of voluntary exposure to unnecessary danger," etc. Appellant's answer

consists of two paragraphs. The first is a general denial, and the second is an affirmative paragraph, based on the provision of the policy quoted, to which a reply in denial was filed. The cause was submitted to a jury for trial, which resulted in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant contends that the court erred in refusing to give instructions Nos. 1, 8 and 9 requested by it.

1. There was no error in refusing to give instruction No. 1, as certain language used therein would tend to lead the jury to believe that the fact that the decedent met his death while riding upon a freight car, *without lawful authority from any agent of the company operating the same,* if it so found, might be taken as a controlling factor in determining appellant's liability. Instruction No. 8 was properly refused, as it omits the essential element of knowledge on the part of decedent concerning the dangers naturally resulting from riding on top of a freight train in motion.

Said instruction No. 9 is as follows: "If you find from the evidence that the act of the decedent in voluntarily riding on the top of a moving freight train would be considered by ordinarily prudent persons, as a dangerous thing, and that the said Roy Rhodes, knew, or by the exercise of due care, could have known, that such act was dangerous, and that said Roy Rhodes rode on the top of such train, *for no necessary purpose, but only for the purpose of pleasure or sport,* then I instruct you that he, the said Roy Rhodes, voluntarily exposed himself to unnecessary danger, and the plaintiff herein cannot recover." (Our italics.) It will be observed that said instruction would have informed the jury, in effect, that appellee could not recover if it found, among other things, "that the act of the decedent

in voluntarily riding on the top of a moving freight train would be considered by ordinarily prudent persons, as a dangerous thing, and that the said Roy Rhodes, knew, or by the exercise of due care, could have known, that such act was dangerous," regardless of the care used by said decedent to avoid such danger, and any other attending circumstances. This is clearly not the law, and of itself would have rendered such instruction erroneous. It is a fact of common knowledge, that certain acts are dangerous under some circumstances, and comparatively free from danger under other circumstances, and hence appellee was entitled to have the jury determine whether, under all the circumstances shown by the evidence, it was dangerous for the decedent to ride on top of the particular moving train in question in the manner shown thereby, and not whether ordinarily prudent persons would consider riding on the top of moving trains generally as a dangerous thing. This instruction would also have informed the jury, in effect, that if it found the facts stated to exist, that appellee could not recover, although the particular danger which the undisputed evidence shows caused the accident, was not among those which ordinarily rendered riding on top of a moving freight train dangerous, and not one of which the decedent had knowledge, and might reasonably have anticipated would happen.

The most serious question, however, arises from the presence of the words in the instruction, which we have italicised. These words clearly import a distinction in the effect on the right of recovery, under a policy like the one in suit, between cases where the injury occurs while the insured is in the pursuit of business, or some other purpose considered necessary, and cases where the injury is sustained in the pursuit of pleasure, or some other purpose considered unecessary. We do not recognize such a distinction. To do

so would violate the rules relating to insurance contracts which provide, that such contracts will be liberally construed in favor of the insured, to the end that the evident intention existing at the time they were entered into may not be thwarted by a narrow or technical interpretation of the language employed, and that when so drawn as to be fairly susceptible of two different constructions, they will be given that construction most favorable to the insured. *Globe, etc., Ins. Co.* v. *Hamilton* (1917), 65 Ind. App. 541, 116 N. E. 597; *German Baptist Assn.* v. *Conner* (1916), 64 Ind. App. 293, 115 N. E. 804. The pursuit of pleasure, or indulgence in sport, is a recognized right of an individual, and is recommended by physicians as a means of preserving and promoting health. To hold that an individual, who voluntarily exposes himself to danger while so doing, and is injured thereby, cannot recover under a policy like the one in suit, because the danger was unnecessary, in that it was sustained in the pursuit of pleasure or sport, rather than business or other needful purpose, would lead to a conclusion approaching an absurdity. A contrary holding does not render the provision under consideration meaningless, as it is apparent that there may be a "voluntary exposure to unnecessary danger" in the pursuit of pleasure as well as in the pursuit of business. To illustrate: A person may take a ride on a public highway, in an automobile, purely as a matter of pleasure, and will not, by reason of that act, lose his right to recover under a policy like the one in suit, if he is injured from accident under ordinary circumstances, but he would lose such right, if, while so doing, he voluntarily and knowingly, with an appreciation of the attending risk, exposed himself to the danger of being struck by a train approaching a crossing of the highway on which he was riding, at a high rate of speed,

in an attempt to pass over the crossing in front of the train, under circumstances that would have deterred an ordinarily prudent man from so doing, and was thereby injured.   The conclusion we have stated appears to have been given effect frequently without discussion, in cases involving policies containing the same provision, as disclosed by the following:   *Hunt* v. *United States, etc., Assn.* (1906), 46 Mich. 521, 109 N. W. 1042, 10 Ann. Cas. 449, 117 Am. St. 655; *Collins* v. *Accident Insurance Co.* (1895), 96 Iowa 216, 64 N. W. 778, 59 Am. St. 367; *Wildey Casualty Co.* v. *Sheppard* (1900), 61 Kans. 351, 59 Pac. 651, 47 L. R. A. 650; *Holiday* v. *American, etc., Assn.* (1897), 103 Iowa 178, 72 N. W. 448, 64 Am. St. 170; *Cornwell* v. *Fraternal, etc., Assn.* (1896), 6 N. D. 201, 69 N. W. 191, 40 L. R. A. 437, 66 Am. St. 601.

Appellant also complains of the action of the court in giving instruction No. 5, but we are unable to hold that such action was error.   This instruction correctly states the law with reference to the conduct of one suddenly and unexpectedly confronted with great danger, and applies it properly to certain facts which the evidence tends to establish.   It did not purport to cover the law with reference to all of the acts of the decedent within the evidence, but this fact did not make it erroneous.   If appellant desired to have the jury instructed more fully in that regard, it should have tendered one or more instructions broad enough in scope to meet its desire, and requested that the same be given. Had this been properly and timely done, appellant might have been able to show cause for reversal.   *Bartlow* v. *State* (1915), 183 Ind. 398, 109 N. E. 201; *Cincinnati, etc., R. Co.* v. *Little* (1921), 190 Ind. 662, 131 N. E. 762.

Appellant contends that the verdict is not sustained by sufficient evidence.   It bases this contention on the fact that the uncontradicted evidence shows, that the decedent met his death by reason

of riding on top of a moving freight train, a portion of which was wrecked. It insists that the court should declare that this act on the part of the decedent was a "voluntary exposure to unnecessary danger," and should hold that the court erred in overruling its motion for a new trial, since the jury found to the contrary, and such finding was essential to appellee's right of recovery. We would not be warranted in holding the act in question to be a "voluntary exposure to unnecessary danger," as a matter of law, if different men, equally intelligent and unbiased, might fairly differ in their opinions in that regard, after considering all the attending facts and circumstances shown by the evidence, such as the age and experience of the decedent, the character of the roadbed, tracks and train, the manner in which the train was operated, the means which might be used to prevent being thrown therefrom, the use which the decedent made of such means, the cause of the accident, whether it was usual and therefore should have been anticipated, or otherwise, the knowledge possessed by the decedent of the general danger in so riding, and of the particular danger which caused his injuries. There is evidence tending to prove that the roadbed in question was in good condition; that the rails of the track were of a heavy weight; that trains run smoothly over the same; that the speed limit of freight trains thereon was forty miles per hour, and that the train in question was running only thirty-five miles per hour at the time of the accident; that the decedent laid down on top of the car on which he was riding on his stomach, as a precaution against falling off, although the car was running smoothly; that the injury to the decedent was not caused by one of the usual dangers, incident to the manner in which he was riding, viz.: peril arising from overhead bridges, or the swaying or jerking of the cars by reason of rough roadbeds, curved tracks, sudden stop-

ping, starting or change in speed, but from an unsual occurrence, viz.: a separation in the train, caused by a broken arch bar on one of the cars composing the same. Therefore we are unable to say that the evidence is of such a character that such men would not so differ, and hence must hold that the question under consideration was one of fact for the jury, and, as there is some evidence to sustain its finding we cannot disturb it on appeal. The conclusion we have reached is in harmony with the decisions in many cases, in which it has been held under varying circumstances, that whether the acts of the insured constituted a "voluntary exposure to unnecessary danger," was a question for the jury. *Federal, etc., Ins. Co.* v. *Rager, Admr.* (1920), 75 Ind. App. 295, 128 N. E. 773; *Empire Life Ins. Co.* v. *Johnson* (1914), 142 Ga. 330, 82 S. E. 893, 82 Ann. Cas. 1916B 267; *Keeffe* v. *National Acct. Soc.* (1896), 4 App. Div. 392, 38 N. Y. Supp. 854; *Anthony* v. *Mercantile, etc., Assn.* (1894), 162 Mass. 354, 38 N. E. 973, 26 L. R. A. 406, 44 Am. St. 367; *Payne* v. *Fraternal Acct. Assn.* (1903), 119 Iowa 342, 93 N. W. 361; *Pacific Mutual Life Ins. Co.* v. *Adams* (1910), 27 Okla. 496, 112 Pac. 1026; *Continental Casualty Co.* v. *Deeg* (1910), 59 Tex. Civ. App. 35, 125 S. W. 353; see, also, *Putnam* v. *Phoenix, etc., Ins. Co.* (1908), 155 Mich. 134, 118 N. W. 922, and *Travelers' Ins. Co.* v. *Seaber* (1874), 19 Wall. 531, 22 L. Ed. 155. Appellant also contends that the verdict is contrary to law, but we find no grounds on which to sustain such contention. Finding no reversible error in the record, the judgment is affirmed.