## MODERN WOODMEN OF AMERICA v. INGRAM.

[No. 14,997. Filed December 21, 1935. Rehearing denied March 12, 1936.]

*Archie Kahl, Charles F. Remy, George G. Perrin, George H. McDonald* and *William H. Remy,* for appellant.

*Otis E. Gulley, Hume & Gaston* and *George W. Hadley,* for appellee.

DUDINE, J.—This is an appeal from a judgment rendered against appellant in an action instituted by appellee against appellant to recover as the beneficiary named in a $2,000.00 "benefit certificate" issued to Eugene Ingram, son of appellee, hereinafter referred to as insured.

The complaint was an ordinary form of complaint on such certificates. The certificate, which was made part of the complaint, provided among other things that "if his (insured's) death shall occur . . . in consequence of any violation or attempted violation of law . . . then said benefit certificate shall be null and void and of no effect . . ."

Appellant filed three paragraphs of answer, the first being a general denial, the second alleging that insured was killed in consequence of being engaged in a violation of law, and the third alleging that insured was killed in consequence of being engaged in an attempted violation of law.

The cause was tried by the court without a jury. The court made a special finding of facts, stated conclusions of law, and rendered judgment that appellee recover on the policy.

Appellant filed a motion for new trial which was overruled, whereupon appellant perfected this appeal, assigning as errors relied upon for reversal of the judgment, 1st, error in overruling the motion for new trial, 2nd, error in each of the conclusions of law.

In its brief appellant discusses only one of said alleged errors, to-wit, error in overruling the motion for new trial.

The specifications of said motion for new trial which are discussed in appellant's brief are, 1st, the decision of the court is not sustained by sufficient evidence, 2nd, the decision of the court is contrary to law.

The evidence indisputably shows that on the night of

January 19, 1932, a cruising squad of Indianapolis police, having been informed by police radio of an oil station robbery in the eastern part of the city, and having obtained a description of the robber and his car, began a search for the robber. Soon thereafter, they were informed of another oil station robbery on the west side of Indianapolis. The description given of that robber and his automobile, was similar to that of the other and his car. They continued their search until they located a car which matched that description, on West 16th Street, and followed it several blocks to a filling station at Kessler Boulevard and West 16th Streets. The car was parked in the driveway of the filling station. The motor was running and the door of the car next to the oil station was open. No one was in the car.

When the police got there they saw insured, inside the station pointing a revolver at the station attendant and his wife, and with his left hand, insured reached into a drawer and put something in his pocket. Insured then put the revolver in his right hand overcoat pocket, and came out of the building; whereupon one of the policemen "covered" him with his gun and said to him, "Put up your hands, you are under arrest." Insured proceeded into his car through the open door whereupon the policeman went up to him and again told insured he was under arrest. Thereupon insured put the car in reverse gear, and moved his right hand toward the pocket in which he had placed his revolver, and then the policeman shot him. About the same time another policeman, standing on the left and to the front of the car also shot insured. Insured died shortly thereafter from the effects of said shots.

An unloaded revolver was found in his right overcoat pocket, and $20.09 in money was found in his left overcoat pocket.

Appellant contends that the evidence indisputably

shows that insured's death occurred in consequence of a violation of law, and therefore that the court's decision, that appellee recover on the certificate, is contrary to law.

Appellee states several propositions in support of the decision but fails specifically to apply them to the case at bar. In the "argument" of appellee's brief he contends that there must be a causative connection between the violation (of law) and death (of the insured). We agree with said contention. Appellee says further however:

"In this case there is an intervening agency between the crime and the death. The essential causative connection is absent. The assured was not killed because he had previously robbed a filling station, or because he had the loot taken therefrom in his possession, or because he had an unloaded revolver in his pocket. He was killed because of Police Officer ———— mistaken notion that he (the officer) was in danger of being shot because he saw the assured make certain motions with his right hand and arm in the vicinity of his right overcoat pocket where the officer previously had seen the assured place a revolver which was in fact unloaded."

The question whether or not there was an intervening agency which broke the causative connection between the crime or crimes committed and insured's death is determinative of this appeal. In discussing such a question our Supreme Court said in *Bloom et al.* v. *Franklin Life Ins. Co.* (1884), 97 Ind. 478, p. 485:

"While the unlawful act of the assured must tend in the natural line of causation to his death, in order to work a forfeiture, it is not necessary that the act should be the direct cause, nor that the precise consequences which actually followed could have been foreseen. It is enough if the act is unlawful in itself, and the consequences flowing from it are such as might have been reasonably expected to happen, for, in such a case the ultimate result is traced back to the original proximate cause."

That statement of law has not been modified by any later decision of the Supreme Court, and we recognize it as a correct statement of law.

Applying that principle to the case at bar, it must be admitted that the robbery was a violation of law, and being shot and killed by police is a consequence which might reasonably be expected in case the robber got caught in the act of robbing, failed to heed the demand of the police to submit to arrest, but made a motion, which might reasonably be considered by the police to be an attempt to grab for the gun with which the robbery was committed. The fact that the gun was unloaded does not change the situation, because the police were reasonable in assuming that the gun was loaded.

Appellee cites three Indiana authorities in support of the court's decision, to-wit: *Nat'l. Benefit Assn.* v. *Bowman* (1887), 110 Ind. 355, 11 N. E. 316; *Conboy* v. *Rwy. Officials' and Employes' Accident Assn.* (1897), 17 Ind. App. 62, 46 N. E. 363; *Ben Hur Life Assn.* v. *Cox* (1932), 95 Ind. App. 166, 181 N. E. 528.

It is so apparent, from a reading of the first two cases cited, that they are inapplicable to and not controlling in this case, that a discussion of said cases seems unnecessary.

The last case cited is more similar to the case at bar, but it too is distinguishable. In that case the insured (Cox) and his companions had committed a robbery in Terre Haute, Indiana, and then drove to the home of the sister of one of his companions, about one hundred fifty (150) miles from Terre Haute, to "visit" the sister. The police of Muncie, holding warrants for the arrest of said companion for other alleged crimes and being informed that he would visit his sister, "planted" themselves there before he arrived. When the car reached said destination, insured remained in the automobile, and said companion went to the house. The companion

having spied the police, ran back to the car, and the police shot, to stop him, but one of the shots hit insured, and killed him.

Clearly, insured (in that case) was not engaged in the crime of robbery when he was shot, and it cannot be said that it might reasonably have been expected, that if he (Cox) participated in the robbery at Terre Haute, he would be shot by police officers of another city, in their attempt to arrest his companion, at a place so far removed from the scene of said crime, for another crime.

The "mistaken" notion of the policeman in the instant case that he was in danger was probably a contributing cause of insured's death, since the policemen would probably not have shot him if they had known that the gun was unloaded, but it did not break the causative connection between the crime and assured's death.

Applying said rule of law, announced in *Bloom et al.* v. *Franklin Life Ins. Co., supra,* to the case at bar, we hold that the evidence indisputably shows that insured's death was a consequence of the robbery committed by him, and therefore that the court's decision that a recovery be had upon the certificate is contrary to law.

Judgment reversed, with instructions that appellant's motion for new trial be sustained, and that further proceedings be not inconsistent with this opinion.