NORWAYS SANATORIUM, INC. *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

[No. 16,852. Filed May 26, 1942. Rehearing denied October 21, 1942.]

*Ruckelshaus & Ruckelshaus,* of Indianapolis, and *Rogers & Smith* of Lebanon, for appellant.

*Slaymaker, Merrell & Locke,* of Indianapolis, and *Parr, Parr & Parr,* of Lebanon, for appellee.

BEDWELL, J.—On May 23, 1936, the appellee, Hartford Accident & Indemnity Company, issued to the appellant, Norways Sanatorium, Inc., its policy of insurance by the terms of which the appellee agreed "to pay any loss by liability imposed by law upon the assured for bodily injuries (or death, loss of services, or expenses resulting therefrom) accidentally sustained during the policy period, by any person not employed by the assured, caused by (a) the ownership, care, maintenance, occupation or use of the premises described in the Declarations or (b) by any business operations disclosed in the Declarations, conducted by the assured on the premises, . . ."

The insurance agreement was subject to certain conditions and there were certain exclusions from the coverage of the policy. It specifically provided:

> "This policy shall not cover in respect of any loss caused by:
>
> "(7) the rendering of any professional service or the omission thereof by any physician, surgeon, dentist, druggist, prescription clerk, nurse, chiropodist, barber, hairdresser, and/or other attendant or in consequence of any error or mistake made by any employee of the assured in selling, furnishing or delivering any drugs or medicines or in filling any order for the same; . . ."

The policy period was for one year and the premises, the description and location of which were contained in the policy, was described as "Asylums or Sanitariums—Private Residence—Nurses Home." The appellant was engaged in the business of caring for and treating persons for nervous and mental disorders.

About December 8, 1936, while such policy of insurance was in full force and effect, one William J. Day was a patient at the sanatorium of appellant and at such time, and while, because of his mental condition, he was incapable of caring for himself, such patient jumped or fell from an unguarded window on the second floor of the sanitorium and thereby sustained certain personal injuries, including a fracture of his right foot and leg. Thereafter, and on November 10, 1938, Day filed a suit against the appellant to recover damages because of such injuries. The appellant notified the appellee of the filing of this suit, but the appellee advised the appellant that it would not defend the action because its policy of insurance did not cover the alleged claim of Day. The appellant then employed its own attorneys, and a physician to make a medical examination of the claimant, and on or about June 19, 1939, a

judgment was entered in said cause in favor of the plaintiff, William J. Day, and against the defendant, Norways Sanitorium, Inc., in the amount of $1,000 with costs.

The amended complaint filed by Day against appellant contained the following allegations concerning negligence:

> "That on or about said date of December 8, 1936, and at a time that this plaintiff was in said mental, nervous, and physical condition as hereinbefore described and while and at a time that said defendant herein knew of said condition and while in the care and custody of said defendant institution, the said defendant carelessly and negligently failed to guard, supervise, and exercise the requisite skill and care in watching the actions and conduct of this plaintiff and negligently and carelessly omitted and failed to place this plaintiff in a safe and proper place where he could not, owing to said condition as hereinbefore set out, harm or injure himself, but on the contrary, negligently and carelessly permitted this plaintiff to go into a bathroom on the second floor of the said building owned and used by said defendant, unescorted and unattended, and from an unbarred window in this bathroom this plaintiff either jumped or fell to the ground below, a distance of approximately sixteen feet, and, as a result of said fall, this plaintiff sustained the following injuries: . . ."

The appellant filed an action against the appellee to recover the sum of $1,252.95 as loss alleged to have been sustained by it because of such judgment procured against it by William J. Day, and the cost and expenses incident to the defense of such action. The trial court found for the appellee and the only question involved in this appeal is the sufficiency of the evidence to sustain the decision of the trial court.

The policy of insurance provided that in the event of accident, written notice thereof should be given to the

insurer, or one of its duly authorized agents, with particulars sufficient to identify the assured, and that there should be a like notice of any claim or suit arising or resulting therefrom. It further provided that the assured should not in any way acknowledge or admit any liability on account of any accident, nor settle any claim or suit resulting therefrom, nor, without the consent of the insurer, incur any expense other than for immediate medical or surgical aid that was imperative at the time of the accident; and that the insurer should have the exclusive right to settle any claim or suit at its own cost at any time. The insurer agreed, "To Defend in the name and on behalf of the assured any suit alleging bodily injury or death."

The evidence was, in the main, without dispute. It disclosed that Day became a patient at the sanatorium of appellant on November 29, 1936, and that he jumped or fell from the window in the bathroom of the second story on December 7, 1936. At such time he was temporarily a person of unsound mind and his physical and nervous condition was such that he was incapable of caring for himself. The evidence disclosed that Day was not furnished with a nurse or attendant during the time that he was a patient.

The evidence, without contradiction, tended to prove the charges of negligence that were contained in the amended complaint that Day filed against the appellant. The controlling question for determination is whether the injuries to Day resulted from causes that were included or excluded from the coverage of the policy.

The appellee contends that they were not covered because of the exclusion provided for by clause 7 heretofore quoted. It is its contention that such injuries were caused by the omission of professional services by a physician or nurse within

the meaning of the clause. We do not agree with this contention. We do not think that the injuries of Day, arising as described by the allegations of his complaint, necessarily resulted from the rendering of professional service or the omission thereof by any physician, surgeon, or nurse. Such injuries, under the allegations of the complaint, resulted because of the failure of the assured to exercise the requisite skill and care in watching the actions and conduct of Day, and in failing to place him in a safe and proper place where he could not harm or injure himself. These charges of negligence did not necessarily involve the professional act or omission of a physician or nurse. They involved the negligent failure to act by the corporatior itself and the corporation may have failed to act by officers who were not physicians or nurses. As far as the evidence discloses, the placing of the patient, by the assured, in a properly protected room on the ground floor of the sanitorium would have furnished him proper care.

It seems to us that the exclusion provided for under clause 7 does not cover the failure of the assured to provide a physician, nurse, or attendant for a patient. It covers only the situation where a physician, nurse, or attendant is provided; but the nurse, physician, or attendant negligently acts or fails to act.

Forms of insurance which have come into quite common usage in recent years are those which insure physicians, surgeons, dentists, and druggists, and other skilled persons, against liability for personal injury to their patients and patrons that arise from their professional acts or omissions. No clause was contained in the particular policy which attempted to relieve the corporation itself from the acts or omissions of its

officers, agents, or employees. Clause 7 excluded from coverage the professional acts or omissions of physicians, surgeons, nurses, druggists, and other skilled persons, without reference to their employment by, or their action for, the assured.

It is a general rule, that the courts will construe contracts of insurance liberally as against the insured and strictly as against the company. Ambiguous provisions of an insurance policy will be construed most strictly against the insurer and in favor of the insured. If there are doubts as to the construction of an insurance policy which is prepared by the insurer, and which the insured cannot control or alter, and which he frequently does not see until after the contract is consummated, these doubts are to be resolved against the insurer. *Pacific, etc., Ins. Co.* v. *Alsop, Exr.* (1922), 191 Ind. 638, 134 N. E. 290; *Atkinson, Admr.* v. *Indiana, etc., Ins. Co.* (1924), 194 Ind. 563, 143 N. E. 629; *Masonic Acc. Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628, 61 A. L. R. 840; *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77; *Continental Casualty Co.* v. *Whitmore* (1922), 79 Ind. App. 157, 137 N. E. 575; *Richmond Insurance Co.* v. *Boetticher* (1938), 105 Ind. App. 558, 12 N. E. (2d) 1005.

Applying these well established rules of construction, the policy of insurance covered loss by liability imposed upon the appellant because of the injuries to Day resulting as alleged in the amended complaint.

The appellee further contends that the burden was upon the insured, appellant herein, to prove that the loss which it sustained was one covered by the terms and provisions of the policy, and that it had failed to sustain this burden. It is its contention that the

burden of proof was not sustained for each of these reasons, namely:

(a) That the negligent acts alleged in the amended complaint filed by Day against appellant showed that the injuries of Day were sustained as a result of a cause not covered by the terms of the policy.

(b) That the original complaint filed by Day against appellant was not introduced as a part of the evidence in the trial before the lower court, and that the introduction thereof by appellant was necessary to the proof of a cause of action against appellee.

The first of these contentions has been fully answered by our determination that the amended complaint showed that the injuries of Day resulted from causes that were within the coverage of the policy.

There was no burden upon appellant to introduce the original complaint. If the allegations of the original complaint were such that they furnished an excuse to the appellee in refusing to defend the action instituted against appellant, then it was the duty of appellee to show such facts under its affirmative paragraph of answer. In this affirmative paragraph of answer the appellee set forth only the exclusion provided for by clause 7, heretofore quoted, as its reason for not defending. The evidence shows that immediately following the injury of Day the appellant notified appellee of the accident and made a written report; and, also, that it notified appellee a short time before judgment in favor of Day, and against appellant, was entered that it intended to compromise the pending action, which was then an action upon the amended complaint. We see no validity in appellee's claim that introduction of the original complaint filed by Day was essential to the proof of a cause of action by appellant in this cause.

For the reasons heretofore set forth, the judgment is reversed and cause is remanded to the trial court with direction to sustain appellant's motion for a new trial.

NOTE.—Reported in 41 N. E. (2d) 823.

ON PETITION FOR REHEARING.

BEDWELL, J.—Appellee, in support of its petition for a rehearing, stresses its contention that the appellant failed in its proof of a cause of action because it failed to introduce into evidence the original complaint that was filed by William J. Day against Norways Sanatorium, Inc.

The judgment fixing the liability of appellant to Day was rendered on an amended complaint instead of the original complaint. Appellee, at the trial of the cause in the court below, in its objections to the introduction of evidence, maintained that the judgment entered upon the amended complaint was binding upon both the appellant and the appellee, and that the only issue for determination that was made by the pleadings, was whether the amended complaint upon which the judgment was rendered stated a cause of action that was covered by the terms of the contract of insurance.

The answer filed by appellee in the court below contained two paragraphs, the first being in general denial, and the second setting up, solely, as an affirmative defense, the claim of appellee that it was not required to defend the action instituted by William J. Day against Norways Sanatorium, Inc., because Day's injury resulted from the rendering or omission of professional services by a physician or nurse, and that such injuries were excluded from the policy.

In the court below appellee asserted no claim by pleading or otherwise that it did not have full knowl-

edge and notice concerning the facts involved in the claim of Day against Norways Sanatorium, Inc., when it denied liability. In its letter to the Norways Sanatorium, Inc., denying liability, which was introduced into evidence, it made the following statement:

> "We have carefully considered the circumstances surrounding this accident and the allegations in the complaint prepared by Mr. Day's attorney, and are of the opinion that this case is not covered by our policy of insurance No. GL-392414, but is expressly excluded from coverage."

Appellee did not refuse to defend because of the allegations of the original complaint. It refused to defend because it erroneously believed that the cause of action asserted by Day was excluded from the coverage of its policy.

By the terms of its policy the appellee agreed, "to pay any loss by liability imposed by law upon the assured." To determine the liability imposed by law upon the assured we look to the policy of insurance, the amended complaint, and the judgment that was rendered thereon. The original complaint that was superseded by the amended complaint is wholly immaterial. If any prejudice resulted to appellee because of any difference between the allegations in the original and amended complaints, under conditions which gave rise to a defense, then appellee should have pleaded such facts in an affirmative paragraph of answer and supported the same by introducing the original complaint into evidence.

Appellee in support of its contention cites the following authorities: *London Guarantee & Accident Co.* v. *Shafer* (1940), 35 Fed. Supp. 647; *Lamb* v. *Belt Casualty Co.* (1935), 3 Cal. App. (2d) 624, 40 P. (2d)

311; *Cas. Ins. Co.* v. *Tri-State Tr. Co.* (1941), 190 Miss. 560, 1 So. (2d) 221.

We have carefully examined each of these cases. They support the rule that in determining whether there exists an obligation of a liability insurer to defend an action filed by a claimant against its insured, that we look to the insurance contract and the allegations of the complaint of the claimant; but they offer no support to appellee's contention that in determining whether it was required to defend we must consider the original complaint rather than an amended complaint upon which the judgment was rendered.

It is apparent, that in determining whether there existed an obligation of an insurer to defend an action against its insured, that we must consider the pleading upon which the judgment was rendered. This is true because such pleading shows the basis of the establishment of the liability of the insured, and whether such liability was established for reasons and under conditions and circumstances that brought the particular claim within the coverage of the policy.

It is equally apparent, that an original complaint or pleading, which had been superseded by an amended complaint or pleading upon which a judgment was rendered, would not show whether the liability of the assured was established upon a claim that was within the coverage of the policy. It seems to us wholly unreasonable and violative of every principle of fair dealing between the insurer and his insured, to permit the insurer to examine an original complaint filed against the insured, and in the event there existed some technical defect in the same, so that it did not state a cause of action within the coverage of the policy, to deny and escape liability because thereof. Appellee insists that the *original* complaint filed against appellant must have

stated *a cause of action* within the coverage of the policy before it was obligated to defend.

We think that the obligation of the insurer to defend is to be determined from the policy and the particular complaint upon which the judgment was rendered, and that there is no duty upon the insured, in establishing a *prima facie* case against its insurer, to make proof of the contents of an original complaint that has been superseded by an amended complaint.

The petition for a rehearing is overruled.

NOTE.—Reported in 44 N. E. (2d) 192.