Tommy JOHNSON, Sr., Plaintiff-Appellant,

v.

UNIVERSAL UNDERWRITERS, INC., etc., Defendant-Appellee.

No. 13019.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1960.

Harry S. McAlpin, Louisville, Ky., Evan A. McLinn, New Albany, Ind., for appellant.

Richard C. O'Connor, Charles E. MacGregor, New Albany, Ind., for appellee, Orbison, Rudy & O'Connor, New Albany, Ind., of counsel.

Before DUFFY and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment for the defendant, Universal Underwriters, Inc., in an action by an injured party to recover the amount of a judgment rendered against defendant's automobile liability insurance policyholder in a state court tort action.

Plaintiff-appellant, Tommy Johnson, Sr., hereinafter called "Johnson," sustained personal injuries as a result of the allegedly negligent operation of an automobile by Matthew Graham, Jr., hereinafter referred to as the "Insured." At the time of the accident, the Insured's automobile was covered by a liability policy issued by Universal Automobile Insurance Association of Indiana, a reciprocal insurance association not licensed or otherwise authorized to do business in Kentucky, whose exclusive agent and representative in legal matters

is the defendant-appellee, Universal Underwriters, Inc., hereinafter called the "Insurer."

The policy in question contains the following conditions precedent to the bringing of an action against the Insurer: The giving of written notice of the accident by or on behalf of the assured "as soon as practicable"; the forwarding by the assured of demand, notice, or process if claim or suit is brought against the assured; and the furnishing of assistance and cooperation of the assured in respect to hearings, trials, and settlements. Policy limits thereunder are $5,000 for each person.

The Insured obtained the policy through the mails from the National Underwriters, Incorporated, of Dallas, Texas, as procuring agent for the Insurer while the Insured was a member of the Armed Forces. The policy was mailed to him while he was stationed at Camp Breckinridge, Kentucky. At the time of the accident, the Insured was stationed at Fort Knox, Kentucky.

According to the Insured in a statement given to an adjuster for the Insurer about three months after the accident, his permanent address was at 715 West Dover Street, Tallahassee, Florida, and he had been living temporarily at 1146 South 15th Street at Laird's Tourist Home in Louisville, Kentucky, for more than a year at the time of the accident. The policy reads as follows in that respect:

"Item 1.
(a) Name of Subscriber (Named Assured) SP/3 Matthew Graham, Jr. ER 9825 26M 015-2
Age
(b) Street          Town or City          County          State
HQS & HQS COL S. T. C.    CAMP    BRECKINRIDGE, KENTUCKY

(c) The automobile is principally garaged in the above town or city, county and state, unless otherwise stated herein. AS ABOVE

(d) The occupation of the Subscriber is U S ARMY"

The accident occurred on October 21, 1956. After he was notified by Johnson's counsel of the claim for injuries arising out of the accident, the Insured informed the Insurer thereof by letter dated January 3, 1957, wherein he wrote that he had not reported the accident because an officer had said that it was not serious. The Insured was interviewed by an adjuster from the independent adjustment agency of Leachman & Leachman of Louisville, Kentucky, on February 1, 1957. In the signed statement obtained from him in this interview, the Insured related as to the accident that a pedestrian walked into the left front fender of his car and that the impact pushed this man forward so that he fell on the street. He further stated that the man did not want to get up and insisted that the police be called; that one of the officers told him the man was not seriously hurt; and that he, the Insured, believed that the man was taken to the General Hospital in a police car.

On February 19, 1957, the adjusting agency wrote to the Insured by registered letter, which was receipted for by the Insured personally, that the Universal Automobile Insurance Association was reserving its rights in connection with this accident. The agency enclosed an agreement for the Insured to sign and informed him that the reservation would be effective whether or not the agreement was signed. The Insured did not return the agreement.

Johnson commenced suit against the Insured in the Kentucky state court in

April, 1957, demanding damages of $23,-600, and recovered a judgment in the amount of $15,000. Service of process against the Insured was obtained by service on the Secretary of State of Kentucky. The Insurer retained Attorney Ben T. Cooper to represent the Insured in this action under the provisions of its policy. Attorney Cooper filed a motion to dismiss but advised Johnson's counsel that he was bringing this motion to gain time in view of the probability of serious policy violations and the question of the Insurer's reservation of rights in this matter. When Johnson's attorney sought to take the Insured's deposition in August, 1957, he learned from Attorney Cooper who had attempted to locate him at Fort Knox that the Insured had been discharged six months earlier.

Thereafter Attorney Cooper made various attempts to inform the Insured that his assistance and cooperation were requested in respect to the tort action. He sent two registered letters with return receipts requested, which receipts were returned signed by others on behalf of the Insured. Cooper also sent four letters by regular mail prior to the trial and two letters after the trial. None of these letters were returned. The Insured did not furnish the requested information and did not attend the trial.

The Insurer has refused to pay the policy limits or the amount of the judgment rendered against the Insured on the grounds that the Insured breached the conditions of the policy and that the Insurer did not waive the breach of condition by defending the Insured in the state court action since it undertook the defense under a reservation of rights. The district court upheld the Insurer's position.

■ This court agrees with the decision of the district court. The Insured gave notice to the Insurer of the accident seventy-four days after its occurrence. The reasonableness of the belief that notice thereof was not necessary under the policy because a police officer said the accident was not serious must be judged in the light of what the Insured himself knew of the accident. A man was struck by his car and knocked onto the street, refused to get up, and then was taken to a hospital by a police car. The record shows no other excuse for the delay in giving notice to the Insurer and supports the finding of the district court that the Insured breached this condition of the policy.

■ Under Kentucky law, which controls this action, the breach of a condition of the policy may be asserted by an insurer as a defense to an action brought by the injured party against the insurer. Beam v. State Farm Mutual Automobile Insurance Co., 6 Cir., 1959, 269 F.2d 151. The Insurer has met its burden in showing the breach of condition requiring timely notice of the accident. It is unnecessary to decide here whether or not the record supports the findings and conclusions of the trial court in respect to the additional breaches alleged by the Insurer.

■ The Insured must be deemed to have actual knowledge of the Insurer's reservation of rights in respect to the claim arising out of the accident where he personally endorsed the return receipt of the registered letter informing him thereof. The request that the Insured sign the reservation agreement was taken as a mere precautionary measure by the Insurer, and the signature is not necessary to the preservation of the Insurer's rights. There is no waiver of rights where the Insurer gives timely and unequivocal notice of its reservation. Beam v. State Farm Mutual Automobile Insurance Co., supra; Fidelity & Casualty Co. of New York v. Stewart Dry Goods Co., 1925, 208 Ky. 429, 271 S.W. 444, 448, 43 A.L.R. 318.

Notwithstanding the Insured's knowledge that the Insurer reserved its rights, Johnson contends that the reservation cannot legally be effective because the act of notification was performed in violation of Section 304.580(1) (c) of the Kentucky Revised Statutes. This section prohibits the representation of insurers not duly authorized to transact the insurance business in Kentucky by

any person with regard to the inspection or examination of any risk and the investigation of any loss.

The undisputed facts in this action do not show that the statutory prohibition against the representation of unauthorized insurers is applicable here. While the McCarran-Ferguson Insurance Regulation Act, Title 15 U.S.C.A. § 1011 et seq., leaves each state free to control and regulate insurance practices within its boundaries, this regulation is applicable to out-of-state insurers only where they are transacting insurance business within the state. Cf. Hoopeston Canning Co. v. Cullen, 1943, 318 U.S. 313, 63 S. Ct. 602, 87 L.Ed. 777; American Hospital & Life Insurance Co. v. Federal Trade Commission, 5 Cir., 1957, 243 F. 2d 719, affirmed 357 U.S. 560, 78 S.Ct. 1260, 2 L.Ed.2d 1540.

Here an Indiana Insurer mailed an automobile liability policy to an Insured who was a member of the Armed Forces stationed at a United States military reservation in Kentucky. The policy states the Insured's address as "HQS & HQS COL S.T.C. Camp Breckinridge, Kentucky," and the automobile in question is listed as being principally garaged at that same location. In a statement to the adjustment agency, the Insured gave Florida as his permanent address and listed Louisville, Kentucky, as a temporary address. The Insured obtained the policy by use of the mail from a Texas procuring agent for the Insurer.

In summary, it does not appear that the insurance contract was solicited or entered into in Kentucky, and it was not issued to a Kentucky resident. Nor has it been shown that the Insurer transacted any other business in respect to other policies in that state. Under these circumstances, it may not be concluded that the Insurer was transacting business in Kentucky and thereby subjected itself to Kentucky regulation of insurers transacting business within the state without license or other authority. Cf. Hoopeston Canning Co. v. Cullen, 1943, 318 U.S. 313, 63 S.Ct. 602, 87 L.Ed.

777, where the insurer had many contacts in the state and the property protected by the policy was located within the state permanently. The case of Corley v. Travelers' Protective Ass'n, 6 Cir., 1900, 105 F. 854, which arose in Kentucky may similarly be distinguished. There an insurance company was held to have transacted business within the state by having established a division in Kentucky where all essential acts in obtaining membership, payment of dues, and dispensing of benefits took place.

There being no barrier to the legal effectiveness of the act of notification, the Insurer's defense undertaken in the state court tort action does not constitute a waiver of its rights. Johnson's claim that the Insurer may not assert a forfeiture of the policy under Kentucky law is not tenable in view of the court's holding that this Insurer is not subject to Kentucky regulations of unauthorized insurers. Nor has Johnson shown that there was an attempted retroactive annulment of the policy which is prohibited under Kentucky law. The Insurer is standing on a breach by the Insured of a condition subsequent.

Lastly, Johnson contends that the Insurer was guilty of bad faith and actionable negligence in failing to exercise reasonable diligence in its attempts to secure the cooperation of the Insured and in proceeding to trial in his absence. While the exercise of reasonable diligence in attempting to secure an insured's cooperation may be material in establishing the defense of failure of cooperation, this issue need not be decided here. It is not necessary for this court to pass upon the other alleged failures to cooperate on the part of the Insured. The question of the alleged bad faith as a basis for the Insurer's liability in an amount in excess of policy coverage was not raised by the pleadings in this action. Generally, issues not presented to or passed on by the trial court are not reviewable on appeal. Chicago & Eastern Illinois R. Co. v. Southern Ry. Co., 7 Cir., 1958, 261 F.2d 394, 402. Furthermore, there is no evidence that the

principal action could have been settled within the policy limits.

For the reasons herein stated, the judgment appealed from is

Affirmed.