**ALLSTATE INSURANCE COMPANY,**
Plaintiff,

v.

**Virginia Lee KELLEY, Charles Chafey,**
Defendants.

**No. IP 63-C-500.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Sept. 22, 1964.

Yarling & Tunnell, Indianapolis, Ind., for plaintiff.

Samuel B. Huffman, Indianapolis, Ind., for defendant Kelley.

Townsend & Townsend, and Ted B. Lewis, Indianapolis, Ind., for defendant Chafey.

STECKLER, Chief Judge.

## FINDINGS OF FACT

This action for declaratory judgment came before the Court on the 11th day of August, 1964 for trial without the intervention of a jury pursuant to notice, and the Court having heard the evidence and the argument of counsel now makes the following findings of fact:

1. There is diversity of citizenship between the parties herein in that the plaintiff is a corporation existing under the laws of the State of Illinois with its principal office in that State and the defendants are citizens of the State of Indiana. The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.

2. The plaintiff is engaged in the automobile insurance business and on June 1, 1961 issued and thereafter delivered its policy of insurance numbered 12 911 741–6–2 to the defendant Virginia Lee Kelley wherein the plaintiff insured the said defendant against all damages within stated limits which Virginia Lee Kelley as the insured shall be legally obligated to pay because of bodily injury sustained by any person, and injury to or destruction of property, arising out of the ownership, maintenance or use, including loading and unloading, of a certain 1955 Nash automobile owned by Virginia Lee Kelley and of any non-owned automobile and wherein the plaintiff agreed to defend the said Virginia Lee Kelley in any action at law brought against her for such damages.

3. On June 10, 1961 during the effective term of the said policy of insurance, Virginia Lee Kelley was driving a 1954 Chevrolet automobile owned by the defendant Charles Chafey when it became stalled upon a railroad track in Marion County, Indiana and when it was struck by a train resulting in personal injury to Charles Chafey who was riding as a passenger in the Chevrolet automobile.

4. On October 11, 1961, the said Charles Chafey filed an action for damages for the personal injuries sustained in the said automobile-train collision of June 10, 1961 in the Superior Court of Marion County, Indiana against Virginia Lee Kelley and others demanding the amount of $137,260 for such damages, and summons and copy of the complaint in the said Marion Superior Court action were served upon the said Virginia Lee Kelley in October or November, 1961.

5. On May 3, 1963, after dismissing the original Marion Superior Court action, the said Charles Chafey filed a further action for damages for the personal injuries sustained in the said automobile-train collision of June 10, 1961 in the Superior Court of Marion County, Indiana against Virginia Lee Kelley and others demanding the amount of $87,340.-25 for such damages, which second action is pending and awaiting trial in the Johnson Circuit Court at Franklin, Indiana.

6. The policy of insurance issued by the plaintiff to the defendant Virginia Lee Kelley provided as one of its conditions the following:

"Notice. In the event of accident, occurrence or loss, written notice containing all particulars shall be given by or for the insured to Allstate as soon as practicable. In case of theft, the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to Allstate every demand, notice or summons received by him or his representative."

7. Neither Virginia Lee Kelley nor anyone on her behalf notified the plaintiff, Allstate Insurance Company, either in writing or orally of the occurrence of the accident of June 10, 1961, or of the personal injury to the defendant Charles Chafey resulting from the accident, or of the filing or pendency of the Marion

Superior Court action filed October 11, 1961, until or about March 11, 1963 when the defendant Virginia Lee Kelley telephoned an agent of the plaintiff.

8. The plaintiff, Allstate Insurance Company, did not obtain notice or knowledge of either the occurrence of the accident of June 10, 1961, or of the injury to the defendant Charles Chafey resulting from the said accident, or of the filing or pendency of the action for damage filed by Charles Chafey against Virginia Lee Kelley and others on October 11, 1961 until on or about March 11, 1963, which was 21 months after the occurrence of the automobile-train collision and 17 months after the filing of the first tort action by Charles Chafey.

9. The plaintiff, Allstate Insurance Company, is contending that it is not obligated to either defend Virginia Lee Kelley in the pending tort action of Charles Chafey or to pay any part of any judgment which may be rendered in such tort action against Virginia Lee Kelley, and the defendants are contending that the plaintiff is so obligated.

## CONCLUSIONS OF LAW

The Court having made the foregoing findings of fact herein now states the following conclusions of law thereon:

1. The Court has jurisdiction of the parties and of the subject matter herein and justiciable controversy exists between the parties justifying the rendering of a declaratory judgment pursuant to Title 28, United States Code, Section 2201.

■ 2. The defendant, Virginia Lee Kelley failed to notify the plaintiff, Allstate Insurance Company, of the occurrence of the automobile-train collision of June 10, 1961 as soon as practicable or within a reasonable time and thereby violated and failed to comply with that condition of the contract of insurance between the defendant Virginia Lee Kelley and the plaintiff, Allstate Insurance Company, requiring such notice.

3. The defendant Virginia Lee Kelley failed to notify the plaintiff, Allstate Insurance Company, of the filing of and to forward to the plaintiff the summons and complaint in the tort action filed by the defendant Charles Chafey on October 11, 1961 immediately or within a reasonable time and thereby violated and failed to comply with that condition of the contract of insurance between the defendant Virginia Lee Kelley and the plaintiff, Allstate Insurance Company, requiring such notice and forwarding.

■ 4. The failure of the defendant Virginia Lee Kelley to notify the plaintiff, Allstate Insurance Company, of the occurrence of the automobile-train collision and of the filing of the tort action of October 11, 1961 within the times provided in the policy of insurance constitutes a material breach of the said policy.

5. It is concluded that the delay of the defendant Virginia Lee Kelley in reporting the occurrence of the automobile-train collision and the filing of the Charles Chafey tort action of October 11, 1961 was unreasonable in itself and gave rise to an unrebutted presumption of prejudice to the plaintiff, Allstate Insurance Company, based upon and supported by the decisions of the United States Court of Appeals for the Seventh Circuit in the following cases: Hartford Accident & Indemnity Co. v. Lochmandy Buick Sales, Inc. (USCA 7th, 1962) 302 F.2d 565; Hawkeye-Security Insurance Co. v. Myers (USCA 7th, 1959) 210 F.2d 890; Muncie Banking Co. v. American Surety Co. (USCA 7th, 1952) 200 F.2d 115.

■ 6. The plaintiff, Allstate Insurance Company, is entitled to a judgment herein declaring that the plaintiff is under no duty or obligation to appear and defend the said Virginia Lee Kelley in any action heretofore brought or to be brought by or on behalf of the defendant Charles Chafey for damages arising out of the automobile-train collision of June 10, 1961 and is under no duty or obligation to pay or contribute toward the payment of any judgment or judgments which may be entered in any such action or actions.

7. The law is with the plaintiff.