INDIANA INSURANCE COMPANY, (Plaintiff Below),

v.

John R. WILLIAMS d/b/a Williams Motor Sales, John E. Williams, and Sherry Hart, (Defendants Below).

No. 3–782A159.

Court of Appeals of Indiana, Third District.

May 25, 1983.

Rehearing Denied July 28, 1983.

Steven R. Crist, Terence M. Austgen, Singleton, Levy, Crist & Johnson, Highland, for appellant.

John S. Diaz, James W. Myers, III, Diaz, Moore & Associates, P.C., Portage, for appellee Sherry Hart.

John Hovanec, Gary, for appellees John R. Williams d/b/a Williams Motor Sales, and John E. Williams.

STATON, Judge.

The car driven by John E. Williams struck Sherry Hart's car on April 20, 1980. Hart was injured and Williams was charged with driving while intoxicated. On September 29, 1980, Hart sued Williams for personal injuries after Williams had pled guilty to the intoxication charge and promised to pay for all damages resulting from the accident.

Indiana Insurance Company (insurance company) represented Williams until June 3, 1981 when it sought a declaratory judgment. It claimed that Williams's noncompliance with two policy provisions relieved it from liability. Subsequently, the insurance company filed a motion for summary judgment with a verified affidavit by Richard A. Sweet, the insurance supervisor handling the case. The summary judgment was granted and Hart and Williams filed motions to correct errors.

Williams and Hart supplemented their motions to correct errors with affidavits challenging the insurance company's denial of liability based on its claim of Williams's noncompliance with policy provisions. The trial court granted the motions to correct errors.

The insurance company appeals the trial court's reversal of its grant of summary judgment based on its consideration of the evidence in the affidavits which accompanied Williams's and Hart's motions to correct errors. It has raised the following restated issues:

(1) Did the trial court err by reversing its grant of summary judgment upon consideration of evidence which was available but not presented at the summary judgment hearing?

(2) Can the insurance company avoid its liability under the policy without showing that it was actually prejudiced by either Williams's delayed notice of his car accident with Hart or by Williams's guilty plea and promise to pay for all damages resulting from his accident?

Affirmed.[1]

## I.

### Newly Submitted Evidence

Williams's and Hart's supplemental affidavits challenged the insurance company's

claim of the date upon which it first received notice of Williams's accident. The trial court determined that this challenge created a genuine issue of material fact; it granted the motions to correct errors.

■ The insurance company correctly contends that the trial court could not consider evidence which had been available but had not been presented at the summary judgment hearing. *Collins v. Dunifon* (1975), 163 Ind.App. 201, 206, 323 N.E.2d 264, 268. Therefore, the trial court erred when it granted the motions to correct errors based on the evidence presented in the affidavits.

While the trial court erred by considering Williams's and Hart's supplemental affidavits, our review standard of summary judgments requires us to affirm the trial court's reversal of its grant of summary judgment because summary judgment was improper as a matter of law. *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630, 636 (*trans. denied*). As discussed in the next section, the grant of summary judgment for the insurance company was improper because the insurance company did not show actual prejudice from Williams's material noncooperation with policy provisions.

## II.

### Actual Prejudice

The insurance company contends that Williams failed to comply with two policy provisions. It alleges that this noncompliance relieves it of its liability to defend Williams and from any liability to Hart. These provisions read as follows:

"PART VII—CONDITIONS

The insurance provided by this policy is subject to the following conditions:

A. YOUR DUTIES AFTER ACCIDENT OR LOSS:

1. You must promptly notify us or our agent of any accident or loss. You

---

1. The insurance company also asked us to decide whether the trial court committed reversible error in considering Williams's and Hart's affidavits because they were not written as if the affiants were giving testimony in court.

Our resolution of the first issue make it unnecessary for us to decide this issue. Similarly, our resolution has rendered several of Hart's contentions inappropriate for our review.

must tell us how, when and where the accident and loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.

2. Additionally, you and other involved insured must:

    a. Cooperate with us in the investigation, settlement or defense of any claim or suit. No insured shall, except at his or her own cost, voluntarily make any payment assume any obligation or incur any expense."

The first provision requires prompt notice of an accident. The insurance company asserts that Williams did not comply with this provision because he first notified it of his April 20, 1980 accident on October 9, 1980.

The second provision proscribes agreements to assume liability. The insurance company contends that Williams's guilty plea and promise to pay for all damages resulting from the accident constitutes noncompliance with this provision. We will discuss these two provisions separately.

█ Provisions within an insurance policy's cooperation clause are conditions precedent to the insurance company's liability to its insured. *Motorists Mutual Insurance Co. v. Johnson* (1966), 139 Ind.App. 622, 628, 218 N.E.2d 712, 715. Where the insurance company is prejudiced by its insured's noncompliance with the provisions, it is relieved of its liability under the policy. *Id.* 218 N.E.2d at 717.[2]

The insurance company asserts that prejudice to its ability to prepare an adequate defense can be assumed from Williams's six month notification delay. To support this assertion, the insurance company relies on *Hartford Accident & Indemnity Co. v. Lochmandy Buick Sales* (7th Cir.1962), 302 F.2d 565 and *Ohio Casualty Insurance Co. v.*

*Rynearson* (7th Cir.1974), 507 F.2d 573, 578–79.

Our review of Indiana law reveals that *Hartford, supra* and *Ohio Casualty, supra* do not control in this situation. Indiana had no controlling precedent when the Seventh Circuit decided *Hartford, supra.* In *Hartford,* the Court looked to the law of Indiana's sister states in determining that where the insured waited twenty-two months before notifying his insurance company of his accident, it could presume that the delay prejudiced the insurance company. *Id.* 302 F.2d at 567–68. In *Ohio Casualty, supra,* the Court followed *Hartford, supra,* to allow a presumption of prejudice and adopted a different rationale—that an insured who is an attorney and claims adjuster should be held to a higher standard. *Id.* at 578–79.

█ We decline to follow these federal opinions. It is axiomatic that a federal court's interpretation of Indiana law is not binding on this Court. *Clipp v. Weaver* (1982), Ind.App., 439 N.E.2d 1189, 1191. In Indiana, an insurance company must show actual prejudice from an insured's noncompliance with a policy's cooperation clause before it can avoid liability under the policy. *Motorists, supra* 218 N.E.2d at 715, 717. Indiana has held notice provisions to be conditions precedent to an insurance company's liability, as are cooperation clause provisions. *London Guarantee & Accident Co. v. Siwy* (1903), 35 Ind.App. 340, 345, 66 N.E. 481, 482. *Contra Railway Passenger Assurance Co. of Hartford v. Burwell* (1873), 44 Ind. 460, 465 and Couch on Insurance 2d (Rev. ed.) § 51:106. In addition, public policy dictates that we should treat noncompliance with notice provisions the same as we treat noncompliance with cooperation clause provisions. We must liberally construe the insurance policy in favor of Williams and Hart. *Motorists, supra* 218

---

**2.** Insurance policies have often characterized cooperation clause provisions as conditions precedent to insurance coverage. However, to avoid its liability, an insurance company must show that it was actually prejudiced by the insured's noncompliance with the cooperation clause provisions. Therefore, cooperation clauses, including notice provisions, should be treated as affirmative defenses and should be pleaded as such pursuant to Ind.Rules of Procedure, Trial Rule 8(C). *Cf. American Underwriters, Inc. v. Curtis* (1981), Ind., 427 N.E.2d 438, 443.

N.E.2d at 718; *Norways Sanatorium, Inc. v. Hartford Accident & Indem. Co.* (1942), 112 Ind.App. 241, 41 N.E.2d 823, 825.

Cooperation clause provisions and notice provisions have the same purpose and effect. A cooperation clause requires the insured to assist the insurance company in its preparation for settlement or trial. *Motorists, supra* 218 N.E.2d at 715, 717. The insured's responsibilities under the cooperation clause involve attending hearings and trials, assisting in effecting settlement, securing and giving evidence, and obtaining the attendance of witnesses. Couch on Insurance 2d (Rev. ed.) § 51:106.

Similarly, notice provisions require the insured to assist the insurance company by giving it an opportunity to make a timely and adequate investigation during its preparation for settlement or trial. *Motorists, supra* 218 N.E.2d at 715; cf. 8 J. Appleman, Insurance Law and Practice § 4731 (1981).[3] Noncompliance with notice provisions and noncompliance with cooperation clause provisions constitute a failure to assist the insurance company in its preparation for settlement or trial. Therefore, common sense dictates that a failure to notify should be treated the same as a failure to cooperate.

As this Court held in *Motorists, supra,* to avoid its liability under its policy an insurance company must show actual prejudice from its insured's failure to assist. *Id.* 218 N.E.2d at 715, 717. "Noncooperation must be material. Prejudice must be shown by the insurer." *Id.* 218 N.E.2d at 715. Therefore, to avoid its liability under the policy, the insurance company had to show that it was actually prejudiced by Williams's six month notification delay. Since the insurance company failed to show that it was actually prejudiced, we must affirm the trial court's reversal of its grant of summary judgment.

The second provision of Williams's policy is the cooperation clause. The insurance company can not avoid its liability under

the cooperation clause simply by establishing that Williams had pled guilty to the intoxication charge and promised to pay for all damages resulting from the accident. As a matter of law, prejudice to the insurance company from Williams's non-cooperation can not be presumed. *Motorists, supra* 218 N.E.2d at 715, 717. Instead, the insurance company must show that it was actually prejudiced by Williams's actions. *Id.* Because it did not show actual prejudice and because we can not presume prejudice, we must affirm the reversal of summary judgment.

Affirmed.

GARRARD, J., concurs.

HOFFMAN, P.J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

While I concur in the majority's analysis of issue one in the case at bar, I must strongly dissent from the position they take in addressing issue two. The decision of the majority would effectively nullify an operative provision of the insurance contract agreed to and signed by both parties.

Initially, it should be noted that the majority's statement of facts is misleading. In stating that the insurer continued to represent the insured until June 3, 1981, they leave the reader with the impression that the insurer knew of the accident and the lawsuit at the time the suit was filed. This is not the case. The insurer knew nothing of the accident central to this controversy until it was notified of the lawsuit on October 9, 1980, ten days after the suit was filed and almost seven months after the accident occurred. This hardly constitutes timely notice.

Further, the majority carefully words their statement of issues and then refers to the provisions in the policy in a manner which answers the question before it is addressed. The majority refers to the provisions of the policy at issue as a cooperation

---

**3.** Appleman cited two Indiana cases for this proposition. These opinions neither held notice provisions to be separate from cooperation clause provisions nor held that they should be treated differently. *See Railway Passenger, supra* and *London Guarantee, supra.*

clause. This ignores the realities of the situation and the precise language of the contract.

The policy provisions at issue fall under the heading of *Conditions Precedent* to recovery upon the insurance policy. The provision is further delineated as *Duties* of the insured when an accident or loss occurs. This provision is then divided into two specific categories of conduct. The first subdivision refers to timely *notice* of accident or loss. The second subdivision outlines the insured's duty of *cooperation.* In referring to both of these provisions as the cooperation clause of the policy, the majority merges two wholly separate and distinct contractual provisions rendering the notice provision meaningless.

The insurer contends that Williams breached both provisions pertaining to duties of the insured. According to appellant no factual issue exists regarding Williams' breach of these provisions; thus summary judgment was properly granted. The majority correctly recites the law applicable to the second subdivision of the insured's duties upon an accident. Prejudice will not be presumed from an insured's non-compliance with the cooperation clause of an insurance policy. *Motorists Mut. Ins. Co. v. Johnson, Admrx.* (1966), 139 Ind.App. 622, 218 N.E.2d 712. However, in incorrectly treating the notice provision as merely another factor considered under the cooperation clause, the majority obfuscates the issue and renders the notice clause of the insurance contract meaningless.

In *Motorists* the Court was concerned that insurers might rely on a "technical and inconsequential lack of cooperation" as a ground for avoiding their obligations under the insurance contract. There is less chance of this type of abuse when considering the notice clause of an insurance contract. The notice requirement is much less susceptible to subjective interpretation than the concept of cooperation since it is comprised of primarily one physical act rather than ongoing conduct.

Further, contrary to the position taken by the majority, notice is not equivalent to cooperation and does not serve the same objectives. Notice is a threshold requirement which must be met before an insurer is even aware that a controversy or matter exists which requires the cooperation of the insured. The notice requirement of an insurance policy "is material, and of the essence of the contract." *London, etc., Accident Co. v. Siwy* (1903), 35 Ind.App. 340, at 345, 66 N.E. 481, at 482. Once an insured fails to give the insurer timely notice of an accident or loss, the entire set of circumstances surrounding the matter change, placing the insurer in a disadvantageous position. The scene of the accident may change with the passage of time, witnesses may have died or moved away, or at best their memories may have been dimmed by the passage of time. All of these circumstances combine to place the insurer in a difficult position that could have been avoided by timely notice, and the most cooperative insured cannot erase this prejudice suffered by the insurer.

As stated earlier the majority's position would render the language of the notice clause of the insurance policy meaningless. This construction violates a guiding principle of law: that this Court will not construe terms or phrases of a contract in a manner that renders them superfluous or meaningless. *Evansville-Vanderburgh Sch. Corp. v. Moll et al.* (1976), 264 Ind. 356, 344 N.E.2d 831; *Walb Construction Co. v. Chipman* (1931), 202 Ind. 434, 175 N.E. 132.

As support for their position the majority reaches into that black hole of legal reasoning referred to as public policy. "In addition, public policy dictates that we should treat noncompliance with notice provisions the same as we treat noncompliance with cooperation clause provisions. We must liberally construe the insurance policy in favor of Williams and Hart." At 1236. I know of no public policy which dictates that wholly separate and distinct contractual provisions drafted to reach similar but separate objectives should be treated identically. Further, in analyzing the contract terms in this manner the majority completely ignores the generally accepted rules of con-

struction applied by this Court when construing contractual language.

Terms of an insurance policy should be construed liberally, in favor of the insured, only where there is an ambiguity in the language of the policy. *Cincinnati Ins. Co. v. Mallon* (1980), Ind.App., 409 N.E.2d 1100; *Utica Mut. Ins. Co. v. Ueding et al.* (1977), 175 Ind.App. 60, 370 N.E.2d 373. Where no ambiguity exists the language used in an insurance contract should be given its plain and ordinary meaning. *Amer. States Ins. Co. et al. v. Aetna Life & Cas. Co.* (1978), 177 Ind.App. 299, 379 N.E.2d 510; *Vernon Fire & Cas. Ins. Co. v. Amer. Under., Inc.* (1976), 171 Ind.App. 309, 356 N.E.2d 693. The court may not rewrite the insurance policy for the parties and may in no way construe the contract so as to extend its coverage. *Home Ins. Co. v. Neilsen et al.* (1975), 165 Ind.App. 445, 332 N.E.2d 240; *State Farm Fire & Cas. Co. v. Ackerman* (1972), 151 Ind.App. 464, 280 N.E.2d 332.

A thorough search of the majority opinion uncovers no mention of any ambiguous language contained in the insurance contract. The simple explanation for this is that the contractual language at issue is clear and unambiguous. Since there is no ambiguity the majority has violated the most basic tenet of contract interpretation in order to reach their result.

The majority points to the lack of Indiana case law on the precise issue involved in the case at bar. While the precise issue has not been discussed by the courts of Indiana, the federal courts have decided the issue, forwarding very persuasive and logical reasoning. *Ohio Cas. Ins. Co. v. Rynearson* (7th Cir.1974) 507 F.2d 573; *Hartford Acc. & Indem. Co. v. Lochmandy Buick Sales* (7th Cir.1962) 302 F.2d 565; *Johnson v. Universal Underwriters, Inc.* (7th Cir.1960) 283 F.2d 316; *Muncie Banking Co. v. American Surety Co.* (7th Cir.1952) 200 F.2d 115; *Allstate Ins. Co. v. Kelley* (S.D.Ind.1964) 233 F.Supp. 779. Further, the reasoning forwarded by this dissent has been followed by Indiana courts when rendering decisions on notice requirements within other types of insurance *Baker et al. v. The German Fire*

*Insurance Company* (1890), 124 Ind. 490, 24 N.E. 1041 (fire insurance); *Shedd v. American Credit, etc., Co.* (1911), 48 Ind.App. 23, 95 N.E. 316 (credit insurance); *London, etc., Accident Co. v. Siwy, supra,* 35 Ind.App. 340, 66 N.E. 481 (employer's accident indemnity insurance);

In conclusion the majority has ignored the realities of the situation in deciding to treat notice provisions as if they were cooperation clauses. The majority then misapplies a basic rule of contract construction to support their argument. The result reached by the majority rewrites the parties' contract and renders one of its operative provisions meaningless and redundant. For these reasons I would reverse the trial court's grant of the motion to correct errors and order that its grant of summary judgment for the insurance company be reinstated.