James M. KOSANOVICH, Appellant (Plaintiff-Cross Defendant below),

v.

Tom Eugene MEADE, Appellee (Defendant/Cross Defendant below),

v.

NATIONAL INSURANCE ASSOCIATION, Appellee (Garnishee-Defendant/Cross-Plaintiff below).

No. 3-282A30.

Court of Appeals of Indiana, Third District.

June 23, 1983.

Rehearing Denied July 28, 1983.

William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for appellant.

James F. Groves, Lee, Groves & Cotter, South Bend, for appellees.

STATON, Judge.

James Kosanovich appeals from a summary judgment granted in proceedings supplemental to National Insurance Association (National), the garnishee defendant. The trial court found that National had been prejudiced by not having had notice of Kosanovich's suit against its insured and, as a result, National was not liable under its policy to its insured. Having found that National was not liable to its insured, the trial court concluded that Kosanovich could not garnish the policy's proceeds. Kosanovich raises the following issues:

I. Can National's absolute liability to its insured be raised for the first time on appeal?

II. Can National avoid its liability under the policy without showing that it was actually prejudiced by no notice of Kosanovich's suit against its insured?

Reversed.

A car Tom Meade, the insured, was driving hit Kosanovich's car. The insured had automobile insurance with National. After National and Kosanovich were unable to negotiate a settlement, Kosanovich brought

suit against the insured and obtained a judgment for $7,884.74. Kosanovich then initiated proceedings supplemental to garnish the proceeds of the insured's policy with National. National, as the garnishee defendant, filed a cross-claim against its insured, the judgment defendant, for a declaratory judgment that under its policy National was no longer obligated to its insured because it had not had notice of the suit. The trial court ordered all proceedings to enforce the judgment stayed pending resolution of National's declaratory action. Kosanovich was allowed to intervene in National's cross-claim against its insured and filed an answer which denied that National had not had notice. The trial court granted National's motions for default judgment against its insured and for summary judgment against Kosanovich.

## I.

### Absolute Liability

Kosanovich contends that National is absolutely liable under its policy pursuant to the Indiana Motor Vehicle Safety—Responsibility and Driver Improvement Act, IC 9–2–1–5(c) (Burns Code Ed., 1980 repl.). *See American Underwriters, Inc. v. Curtis* (1981), Ind., 427 N.E.2d 438, 441. However, Kosanovich did not raise the issue of National's absolute liability in the trial court, nor did he raise it in his motion to correct errors. Therefore, we agree with National's assertion that Kosanovich has waived this contention on appeal. It is axiomatic that any errors raised for the first time on appeal are waived.[1] *Glass v. Continental Assur. Co.* (1981), Ind.App., 415 N.E.2d 126, 127; *Ebersold v. Wise* (1980), Ind.App., 412 N.E.2d 802, 806 n. 1; Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

1. National further asserts that it would be prejudiced if this contention is allowed to be raised for the first time on appeal. National maintains that if Kosanovich would have raised the issue of absolute liability in the court below, National would have countered that the default judgment rendered against their insured did not constitute an "actual trial" as that phrase is used in IC 9–2–1–5(c). The appellants in *American Underwriters* contended that a de-

## II.

### No Actual Prejudice

National contends that Kosanovich can not garnish the policy's proceeds because the insured's non-cooperation with National regarding Kosanovich's claim relieves National of its liability under the policy. The policy had two provisions which required the insured to cooperate with National. The first required the insured to give National notice of Kosanovich's suit; the second required the insured to assist National in negotiating a settlement and in presenting a defense at trial.

In granting summary judgment for National, the trial court entered findings of fact and conclusions of law in which the trial court found that the insured had failed to cooperate with National. More specifically, the trial court found that National was first notified of Kosanovich's suit after the default judgment had been entered against its insured. The trial court's findings are supported by the verified affidavit of Harold Miles, the insurance adjuster handling Kosanovich's claim.[2] National submitted the affidavit in support of its motion for summary judgment. Kosanovich did not submit any evidence in opposition.

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

fault judgment was not an actual trial. Our Supreme Court reserved that question as it had not been properly raised by the appellants in the proceedings supplemental.

2. Contrary to Kosanovich's assertion, the affidavit was based on the personal knowledge of the affiant and, therefore, could be considered by the trial court. *See Whitaker v. St. Joseph's Hospital* (1981), Ind.App., 415 N.E.2d 737.

Ind.Rules of Procedure, Trial Rule 56(E); *State, Dept. of Mental Health v. Allen* (1981), Ind.App., 427 N.E.2d 2, 5. Because the verified affidavit of Harold Miles was uncontroverted, there was no factual dispute that the insured failed to cooperate with National.[3]

■ Even where there are no material facts in dispute, we must reverse the grant of a summary judgment motion if the trial court incorrectly applied the law to the facts. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1143. Here, the trial court erred in granting summary judgment because National could not avoid its policy as a matter of law simply by establishing that its insured failed to cooperate.

■ To avoid its liability under the policy, National had to show that it was actually prejudiced by the insured's material non-cooperation. *Indiana Insurance Company v. Williams, supra.* "Non-cooperation must be material. Prejudice must be shown by insurer." *Motorists Mutual Insurance Co. v. Johnson* (1966), 139 Ind.App. 622, 628, 218 N.E.2d 712, 715.

National failed to indicate how it was prejudiced by Kosanovich's judgment against its insured for $7,884.74. In obtaining his judgment against the insured, Kosanovich introduced into evidence the insured's detailed admission of liability. In light of this admission, we fail to see how the insured's non-cooperation could have prejudiced National in contesting the insured's liability. Similarly, National has not *shown* that it was prejudiced by the amount of damages awarded. Although National's lack of notice prevented it from contesting the amount of damages, we can not *presume* the damages would have been less if National had contested them. Because National did not show that it was actually prejudiced by the insured's non-cooperation, the trial court erred in granting summary judgment for National.

National suggests that we should abandon the requirement of actual prejudice set forth in *Motorists Mutual,* which was recently reaffirmed in *Indiana Insurance,* and hold that an insured's material non-cooperation establishes prejudice *per se.* In support of its suggestion National cites *Vernon Fire and Casualty Ins. Co. v. Matney* (1976), 170 Ind.App. 45, 351 N.E.2d 60. In *Vernon,* an insured sought recovery under the uninsured motorist provision of his insurance policy after obtaining a judgment against an uninsured motorist. In dicta, the Court in *Vernon* opined that had the insured not notified his insurance company of his action against the uninsured motorist, his insurance company would not have been liable under the policy. *Vernon,* 170 Ind.App. at 49, N.E.2d at 63.

We are unpersuaded by National's reference to *Vernon* for three reasons. First, the dicta expressed in *Vernon* is not precedent. Second, *Vernon* is distinguishable as it involved an insured seeking his own uninsured motorist coverage. Third, there is no indication that the Court in *Vernon* intended to change the law set forth in *Motorists Mutual,* which requires an insurance company to show that material non-cooperation by its insured resulted in actual prejudice to the insurance company. Accordingly, we continue to follow the reasoning set forth in *Indiana Insurance.*

Therefore, the trial court erred in granting summary judgment for National. National could not avoid its liability under its policy because it did not show that it was actually prejudiced by the non-cooperation of its insured.

Reversed.

GARRARD, J., concurs.

HOFFMAN, P.J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

While I concur with the majority's treatment of the first issue, I must dissent from

---

**3.** Common sense dictates that noncompliance · with notice provisions and noncompliance with cooperation provisions be treated the same since each constitutes a failure to assist the insurance company in its preparation for settlement or trial. *Indiana Insurance Company v. Williams* (1983), Ind.App., 448 N.E.2d 1233 (1983.)

the position taken by the majority regarding the second issue. As in the case of *Indiana Insurance Co. v. Williams* (1983), Ind.App., 448 N.E.2d 1233, the Court is faced with the dilemma of determining when an insurance company may rely on the specific unambiguous provisions of its insurance contract to avoid its duty to insure. The majority through their decision in this case and *Indiana Insurance Co. v. Williams, supra,* would render the language of insurance contracts meaningless so far as it sets out the duties of an insured.

I do not agree that public policy or legal precedent commands that insurance companies be unilaterally bound to their obligations when an insured fails to perform his, merely to prevent a harsh result to an injured third party. To bind an insurance company in such a manner in effect creates a punitive trap for those companies unlucky enough to insure parties who do not view their contractual obligations seriously.

Further, the law does not guarantee injured parties a recovery, merely the chance to recover. A party may bring suit and obtain a judgment but recovery is seldom a certain proposition. The court should not ignore accepted principles of contract construction merely to guarantee an injured party a "deep pocket."

In the case at bar Tom Meade, the insured, hit appellant's car and then fled from the scene on September 7, 1979. The first notice National Insurance Association (NIA) received about this accident was on October 11, 1979. NIA received this notice because negotiations for a settlement had begun between Custard Insurance Adjusters, representing NIA, and appellant. On December 13, 1979, Meade pleaded guilty to the charge of hit-and-run driving.[1] At no time did Meade notify NIA of the accident or the guilty plea.

After several months the negotiations broke down, and on April 7, 1980, appellant filed a lawsuit against Meade seeking damages. Several notices of the lawsuit were published in various known aliases of

Meade and sent to several of his known addresses. Public notice of the lawsuit was published. Again, NIA was never notified of the lawsuit by Meade or appellant.

On January 12, 1981, a default judgment was entered in favor of appellant against Meade for approximately $7,000. After the default judgment had been entered, appellant notified NIA and informed it that he was instituting proceedings to garnish the proceeds of Meade's insurance policy to pay the judgment. The court granted NIA's motion to intervene in the garnishment proceedings.

Evidence was introduced which established that Meade had failed to comply with the terms of the insurance policy. Non-compliance was twofold: 1) Meade failed to timely notify NIA of the accident and the lawsuit; and 2) Meade failed to cooperate with NIA in preparation for settlement or trial. NIA moved for summary judgment claiming it owed no duty to insure because of Meade's non-compliance with provisions of the policy. Summary judgment was granted to NIA.

The majority would reverse the grant of summary judgment on the same ground relied upon in *Indiana Insurance Co. v. Williams, supra.* *Indiana Insurance Co.* holds that notice and cooperation provisions within an insurance policy should be treated alike since both provisions have the same objective. Therefore, consistent with the decision in *Motorists Mut. Ins. Co. v. Johnson, Admrx.* (1966), 139 Ind.App. 622, 218 N.E.2d 712, an insurer must show that prejudice results from an insured's failure to satisfy either provision before it can avoid its duty to insure.

In my dissent to the decision in *Indiana Insurance,* I succinctly stated the reasoning which supports my conclusion that notice and cooperation provisions of an insurance policy have as their objectives similar yet distinctly separate goals. For these reasons I concluded that prejudice could be *presumed* from an insured's failure to notify his insurer of an accident, claim or action,

[1] Ind.Code § 9–4–1–40 (Burns 1980 Repl.).

etc. I continue to hold this view and as it was concisely stated in my dissenting opinion to *Indiana Insurance,* there is no need to restate it in further detail in the case at bar.

Even assuming arguendo that prejudice must be shown when the insured fails to comply with the notice provision of his policy, I contend that requirement has been met in this case. The majority in their decision in *Indiana Insurance* and this case seem to hold that a summary judgment is never proper on this issue. Neither *Motorists* nor its progeny precludes summary judgment on this issue, and the majority extends those decisions too far in so concluding.

The court's concerns were specifically stated in *Motorists:*

"A technical or inconsequential lack of cooperation has often been held insufficient to void the policy and the lack of cooperation to be sufficient must be in some substantial and material respect. Non-cooperation must be material. Prejudice must be shown by insurer." (Citations omitted.) 139 Ind.App. at 628, 218 N.E.2d at 715.

The language used by the court is subject to only one interpretation: In order to avoid their duty to insure an insurer must show that he was prejudiced in some way, not merely that the insured failed to cooperate or notify the insurer. This has been done, by NIA, in the case at bar. Surely we have more than a technical or inconsequential lack of cooperation on the part of Meade.

The majority concludes that NIA has failed to show prejudice stating:

"Similarly, National has not *shown* that it was prejudiced by the amount of damages awarded. Although National's lack of notice prevented it from contesting the amount of damages, we can not *presume* the damages would have been less if National had contested them." *Majority opinion* at 1180.

However, this statement by the majority misses the point. Prejudice does not result from the amount of damages awarded but rather from NIA being denied its day in court to contest the issue of damages.

"A common law trial is and always should be an adversary proceeding." *Hickman v. Taylor* (1947) 329 U.S. 495, at 516, 67 S.Ct. 385, at 396, 91 L.Ed. 451. There was no adversarial proceeding in the case at bar. NIA was never notified of the lawsuit by its insured. For that matter appellant never made any attempt to ascertain whether NIA knew of the lawsuit even though he had been attempting to negotiate a settlement with NIA for several months. Once the default judgment was entered against the insured, appellant graciously notified NIA of what now was effectively a *"fait accompli."*

Due process requirements are met when a defendant receives some character of notice which secures his appearance in court. *Nysewander v. Lowman* (1890), 124 Ind. 584, 24 N.E. 355. In this case NIA received no notice yet is being called on to pay an award it was given no chance to contest. It is clear from the record that the damage award was hotly contested, even if the issue of liability was conceded. Both parties refused to agree on an amount of damages throughout the settlement negotiations due to a controversy about the value of a car stereo and rental for a replacement vehicle.

NIA need not show it would have won a decreased damage award to establish prejudice, merely that it was effectively deprived of an opportunity to contest the matter. Surely it cannot be gainsaid that prejudice results to a party deprived of his day in a court of law. The facts incontrovertibly establish that NIA was not notified of the lawsuit and this deprived NIA of its chance to contest the amount of damages.

For these reasons I would affirm the trial court's award of summary judgment.